1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VENABLE LLP
Ari N. Rothman (SBN 296568)
arothman@venable.com
Melissa C. McLaughlin (SBN 273619)
mmclaughlin@venable.com
Witt W. Chang (SBN 281721)
wchang@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Defendants W4, LLC,
JASON DURANT WALKER, and
RACHEL LASSEFF.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

LEPTON LABS, LLC, a Nevada limited liability company, and FOCUS MARKETING LLC, a Nevada limited liability company,

                        Plaintiffs,

            v.

W4, LLC, a California limited liability company, JASON DURANT WALKER, an individual, RACHEL LASSEFF, an individual, GULF RAYZ MEDIA, LLC, a Florida limited liability company, ANDREW JENSEN, an individual, STRATIX HEALTH, LLC, a Nevada limited liability company, and DOES 1-10, INCLUSIVE,

                        Defendants.

CASE NO. 2:14-cv-4836

**DEFENDANTS W4, LLC, JASON DURANT WALKER, AND RACHEL LASSEFF'S NOTICE OF REMOVAL**

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

NOTICE OF REMOVAL

8222362-v2

**NOTICE OF REMOVAL**

**(FEDERAL QUESTION JURISDICTION)**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants W4, LLC, Jason Durant Walker, and Rachel Lasseff ("W4 Defendants"), by and through their attorneys, hereby remove to this Court the action titled *Lepton Labs, LLC, and Focus Marketing LLC v. W4, LLC, Jason Durant Walker, Rachel Lasseff, Gulf Rayz Media, LLC, Andrew Jensen, and Stratix Health, LLC*, Case No. BC546011 (the "Action"), which was originally filed in the Superior Court of the State of California for the County of Los Angeles. As grounds for removal, W4 Defendants state as follows:

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. 1441 because plaintiffs' clams arise under federal law. Specifically, the Complaint asserts claims for trade dress infringement under 15 U.S.C. § 1051, *et seq*. ("Lanham Act") and violation of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962 ("RICO"). Though not styled as such, Plaintiffs also appear to allege various copyright claims under 17 U.S.C. 101, *et seq*. ("Copyright Act") over which federal courts have exclusive jurisdiction under 28 U.S.C. § 1338(a). All of plaintiffs' claims arise out of the same operative facts. By filing this Notice of Removal, W4 Defendants do not intend to waive, any defenses.

**Background**

2.      On May 16, 2014, plaintiffs filed a complaint in the Superior Court of the State of California for the County of Los Angeles. In accordance with 28 U.S.C. § 1446(a), a copy of plaintiffs' complaint and all pleadings, process, and orders served on W4 Defendants in Action are attached hereto as Exhibit A.

3.      Defendants were served on June 9, 2014 by the e-mailing of a Notice of Acknowledgment of Service to counsel for W4 Defendants on May 27, 2014, and the acknowledgment of service on June 9, 2014.

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1

8222362-v2

4.      In the complaint, plaintiffs allege that they and W4 Defendants entered into agreement whereby W4 agreed to promote or cause to be promoted plaintiffs' product, a dietary supplement.  Complaint, ¶ 6.  Plaintiffs claim that during the joint venture, W4 Defendants improperly collaborated with defendants Gulf Rayz Media, LLC, Andrew Jensen, and Stratix Health, LLC ("Gulf Rayz Defendants"), to promote Gulf Rayz's dietary supplement in competition with plaintiffs' product.  Id., ¶ 8.  Plaintiffs allege that W4 Defendants unfairly competed with plaintiffs by working with plaintiffs' competitor, misappropriating and disclosing plaintiffs' trade secret and confidential information, diverting business away from plaintiffs, utilizing plaintiffs' trade dress, and copying plaintiffs' website. Id., ¶¶ 1-2.

5.      Based on these allegations, plaintiffs assert claims for (1) Breach of Written Contract; (2) Fraud; (3) Breach of Fiduciary Duty; (4) Tortious Interference with Existing Contractual Relations; (5) Intentional Interference with Prospective Economic Relations; (6) Misappropriation of Trade Secrets; (7) Aiding and Abetting Misappropriation; (8) Trade Dress Infringement; (9) Aiding and Abetting Trade Dress Infringement; (10) Unfair Competition; (11) Unfair Business Practices; (12) Violation of RICO – 18 U.S.C. § 1962; and (13) an Accounting.

6.      The W4 Defendants deny all allegations of wrongdoing.

## Grounds for Removal

7.      Plaintiffs allege claims under the Lanham Act, RICO, and the Copyright Act.  Thus, federal question jurisdiction exists over plaintiffs' claims under 28 U.S.C. § 1331 because the resolution of plaintiffs' claims will require adjudication of disputed questions of federal law.

8.      This Court has supplemental jurisdiction over the complaint's statutory, state common law, or other non-federal claims under 28 U.S.C. § 1367 because such claims arise out of the same operative facts as plaintiffs' claims under the Lanham Act, RICO, and the Copyright Act and "form part of the same case or

2

8222362-v2

Exhibit A Page 7

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

controversy under Article III of the United States Constitution."   28 U.S.C. § 1367(a).

9.    Because plaintiffs' Lanham Act, RICO, and Copyright Act claims arise under the laws of the United States, removal of this entire cause of action is appropriate under 28 U.S.C. § 1441(a)-(c).

## Notice of Removal is Timely Filed

10.    This notice of removal has been timely filed.  W4 Defendants were served with the Complaint on June 9, 2014.  Accordingly, this Notice of Removal has been filed within 30 days.  28 U.S.C. §1446(b).

11.    This Court is the appropriate court to which the action must be removed because it is part of the "district and division embracing the place where" Plaintiffs filed this Action in Los Angeles, California.  28 U.S.C. § 1446(a).

## Consent

12.    By filing this notice, W4 Defendants state their consent to this removal. 28 U.S.C. § 1453(b).

13.    Defendants Gulf Rayz Media, LLC and Andrew Jensen have not been served to the best of W4 Defendants' knowledge.  However, their counsel stated during a phone call that occurred on June 12, 2014, that Gulf Rayz Media, LLC and Andrew Jensen consent to removal.

14.    Counsel for defendant Stratix Health, LLC, stated during a phone call that occurred on June 12, 2014, that Stratix consents to removal.

15.    In light of the above, all defendants that have been served (and even those that have not been served) consent to removal as required by 28 U.S.C. § 1446(b)(2)(A).

## Notice To Plaintiffs And State Court

16.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly served upon counsel for plaintiffs and a copy is being filed with the Clerk of the Superior Court of the State of California for the County of Los

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

3

8222362-v2

1   Angeles, Central District.

2       17.    If any question arises as to the propriety of the removal of this action,

3   W4 Defendants respectfully request the opportunity to present a brief and oral

4   argument in support of its position that this case is removable.

5       18.    For the foregoing reasons, W4 Defendants remove this Action to the

6   United States District Court for the Central District of California.

7

8

9   DATED:  June 23, 2014                    VENABLE LLP

10                                         By: /s/ Ari Rothman

11                                          Ari N. Rothman

12                                          Melissa C. McLaughlin

13                                          Witt W. Chang
Attorneys for Defendants W4, LLC, JASON DURANT WALKER, and RACHEL LASSEFF.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

4

8222362-v2

# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

W4, LLC, a California limited liability company, see Additional Parties
Attachment form as attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LEPTON LABS, LLC, a Nevada limited liability company, and FOCUS
MARKETING LLC, a Nevada limited liability company

**FILED**
Superior Court Of California
County Of Los Angeles

MAY 16 2014

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Judi Lara

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br><br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC546011** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Trauben, 400 S. Beverly Dr. Suite 400 Beverly Hills, CA 90212 (310.856.9705)

DATE: 5-16-14          Clerk, by          Judi Lara          , Deputy
*(Fecha)*   MAY 14 2014   SHERRI R. CARTER   *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Exhibit A Page 11

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lepton Labs, LLC,et al. v. W4, LLC, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (*Check only one box. Use a separate page for each type of party.*):

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

JASON DURANT WALKER, an individual,
RACHEL LASSEFF, an individual,
GULF RAYZ MEDIA, LLC, a Florida limited liability company,
ANDREW JENSEN, an individual,
STRATIX HEALTH, LLC, a Nevada limited liability company, and
DOES 1-10 INCLUSIVE

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Exhibit A Page 12



SINGH, SINGH & TRAUBEN, LLP
MICHAEL A. TRAUBEN (SBN: 277557)
    mtrauben@singhtraubenlaw.com
JUSTIN R. TRAUBEN (SBN: 278705)
    jtrauben@singhtraubenlaw.com
400 S. Beverly Drive, Suite 400
Beverly Hills, CA 90212
Tel:    310-856-9705
Fax:    888-734-3555

A6013
90064
DEPT. 68
MARK V-
MOONBY

**FILED**
Superior Court Of California
County Of Los Angeles

MAY 16 2014

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
        Judi Lara

*Attorneys for Plaintiffs*
Lepton Labs, LLC and
Focus Marketing, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| LEPTON LABS, LLC, a Nevada limited liability company, and FOCUS MARKETING LLC, a Nevada limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> W4, LLC, a California limited liability company, JASON DURANT WALKER, an individual, RACHEL LASSEFF, an individual, GULF RAYZ MEDIA, LLC, a Florida limited liability company, ANDREW JENSEN, an individual, STRATIX HEALTH, LLC, a Nevada limited liability company, and DOES 1-10 INCLUSIVE, <br><br> Defendants. | ) [Unlimited Jurisdiction]<br>)<br>)<br>) CASE NO.:  BC 546011<br>)<br>) **COMPLAINT FOR:**<br>)<br>) 1. **BREACH OF WRITTEN CONTRACT;**<br>) 2. **FRAUD;**<br>) 3. **BREACH OF FIDUCIARY DUTY;**<br>) 4. **TORTIOUS INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS;**<br>) 5. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;**<br>) 6. **MISAPPROPRIATION OF TRADE SECRETS (CUTSA);**<br>) 7. **AIDING AND ABETTING MISAPPROPRIATION;**<br>) 8. **TRADE DRESS INFRINGEMENT;**<br>) 9. **AIDING AND ABETTING TRADE DRESS INFRINGEMENT;**<br>) 10. **UNFAIR COMPETITION;**<br>) 11. **UNFAIR BUSINESS PRACTICES (BUS & PROF. CODE § 17200);**<br>) 12. **VIOLATION OF RICO - 18 U.S.C. § 1962; *AND***<br>) 13. **AN ACCOUNTING** |

FILED BY FAX

Singh,
Singh &
Trauben,
LLP

1

Plaintiffs, Lepton Labs, LLC ("Lepton Labs") and Focus Marketing, LLC ("Focus Marketing") (collectively "Plaintiffs"), by and through their undersigned counsel, hereby file their Complaint against Defendants W4, LLC ("W4"), Jason Durant Walker ("Walker"), Rachel Lasseff ("Lasseff"), Gulf Rayz Media, LLC ("Gulf Rayz"), Andrew Jensen ("Jensen") and Stratix Health, LLC ("Stratix") (collectively "Defendants"), and in support thereof allege as follows:

## NATURE OF ACTION

1.      Through this Complaint, Plaintiffs Lepton Labs and Focus Marketing seek to recover from Defendants W4, Walker, and Lasseff (collectively the "W4 Defendants") damages, and other remedies provided for by law, resulting from the W4 Defendants' blatant, wrongful, unfaithful, recorded, conspicuous, and conspiratorial acts of diverting prospective business away from Plaintiffs; directly competing with Plaintiffs while simultaneously working as Plaintiffs' exclusive agent and fiduciary; disclosing confidential and proprietary business information; using and disclosing Plaintiffs' trade secrets to compete against them; proactively and maliciously concealing their competing and infringing activities; and marketing, distributing, and selling a dietary supplement product that exploited Plaintiffs' trade dress and caused significant consumer and customer confusion as to the source or origin of Plaintiffs' dietary supplement product.

2.      Through this Complaint Plaintiffs also seek to recover from Defendants Gulf Rayz, Jensen and Stratix (the "Gulf Rayz Defendants") damages, and other remedies provided for by law, resulting from the Gulf Rayz Defendants' misappropriation and direct copying of Plaintiffs' website and unauthorized exploitation of, among other things, Plaintiffs' images, trade secrets, and trade dress to promote a significantly similar product.

3.      Plaintiff Lepton Labs is a company that specializes in dietary supplement products.  Plaintiff Lepton Labs pioneered the market for the dietary supplement product known as AllDaySlim ("AllDaySlim").

4.      Plaintiff Focus Marketing is a company that specializes in the marketing and promotion of various products, including, without limitation, the dietary supplement

COMPLAINT

Singh,
Singh &
Trauben,
LLP

AllDaySlim.

5.     Together, Plaintiffs entered into a joint venture to develop, promote and sell the dietary supplement product AllDaySlim.

6.     From in or around November, 2011 through in or around July, 2012, the W4 Defendants acted in the capacity of Plaintiffs' marketing and promotional agent for AllDaySlim, and, for a significant portion of this time, was assigned all contractual rights to exclusively promote AllDaySlim.  Specifically, Plaintiffs and the W4 Defendants entered into an agreement whereby the W4 Defendants were tasked with using their best efforts to promote AllDaySlim in certain territories and distribution channels.  Inherent in this understanding and agreement, upon which Plaintiffs were heavily relying, the W4 Defendants expressly promised and agreed to not engage in any acts harmful or adverse to Plaintiffs' business or their AllDaySlim product.

7.     Reposing this trust and confidence in the W4 Defendants based upon this preexisting relationship, course of dealing and understanding, Plaintiffs provided the W4 Defendants with exclusive access to confidential information and trade secrets regarding the marketing and distribution strategy of AllDaySlim.

8.     Nonetheless, the W4 Defendants, in willful and blatant disregard of their trusted and confidential relationship with Plaintiffs, and in willful breach of their exclusive agreement with Plaintiffs, surreptitiously began collaborating with a direct competitor of Plaintiffs, the Gulf Rayz Defendants, for the purpose of promoting and selling a competing dietary supplement known as SlimBlastFast ("SlimBlastFast" or the "Infringing Product"), as owned and controlled by, among other entities, the Gulf Rayz Defendants.

9.     The W4 Defendants were, at all times, well aware that their willful and malicious breaches of the parties' exclusive agreement and their abdication of the fiduciary nature of the parties' relationship would cause Plaintiffs severe harm and place Plaintiffs at a marked disadvantage in the marketplace based upon the fact that the SlimBlastFast dietary supplement was in direct competition with Plaintiffs' product AllDaySlim.

10.    While feigning to be a devoted and exclusive agent of Plaintiffs in furtherance of the marketing and promotion of the trademarked product AllDaySlim, the W4 Defendants

Singh,
Singh &
Trauben,
LLP

3
COMPLAINT

Exhibit A Page 15

breached numerous contractual obligations and undertakings owed to Plaintiffs when they elected to assist and work directly with a competitor of Plaintiffs for the purposes of their own financial benefit and gain.

11.    In connection with the W4 Defendants' actions in surreptitiously collaborating with a direct competitor of Plaintiffs to market and promote this competing dietary supplement product, the W4 Defendants misappropriated, among other things Plaintiffs' trade secrets, confidential and proprietary information and trade dress to assist Plaintiffs' direct competitor in obtaining a competitive advantage, and further diverted the sale of Plaintiffs' products to the owners of SlimBlastFast for their own financial benefit and gain.

12.    In addition, in their blatant attempt to divert Plaintiffs' sales to themselves and the owners of SlimBlastFast, the W4 Defendants assisted Plaintiffs' competitor in the development and sale of SlimBlastFast in a manner that features characteristics that are confusingly and strikingly similar, if not identical, to Plaintiffs' product AllDaySlim.

13.    As a direct and proximate result of Defendants' willful and malicious conduct, and to deter future behavior of this nature, Plaintiffs seek compensatory and punitive damages, restitution and statutory penalties as against all Defendants.

## THE PARTIES

14.    Plaintiff Lepton Labs, now and at all times mentioned in this Complaint, is a limited liability company organized and existing under the laws of the State of Nevada.

15.    Plaintiff Focus Marketing, now and at all times mentioned in this Complaint, is a limited liability company organized and existing under the laws of the State of Nevada.

16.    Plaintiffs are informed and believe, and based thereon allege, that Defendant W4 is a limited liability company organized and existing under the laws of the State of California, with its principal place in Los Angeles County, California.

17.    Plaintiffs are informed and believe, and based thereon allege, that Defendant Walker is an individual residing in the State of California.

18.    Plaintiffs are informed and believe, and based thereon allege, that Defendant Lasseff is an individual residing in the State of California.

Singh, Singh & Trauben, LLP

4

COMPLAINT

19.     Plaintiffs are informed and believe, and based thereon allege, that Defendant Gulf Rayz is a limited liability company organized and existing under the laws of the State of Florida.

20.     Plaintiffs are informed and believe, and based thereon allege, that Defendant Jensen is an individual residing in the State of Florida.

21.     Plaintiffs are informed and believe, and based thereon allege, that Defendant Stratix is a limited liability company organized and existing under the laws of the State of Utah.

**Defendant W4**

22.     Plaintiffs are informed and believe, and based thereon allege, that Defendant W4 is, and at all times mentioned herein was, a mere shell without sufficient capital, assets, stock and stockholders and conceived, intended and used by Defendant Walker as a device to avoid individual liability.

23.     Specifically, upon information and belief, Defendant Walker is the "alter ego" of Defendant W4 and there exists, and at all times mentioned herein existed, a unity of interest and ownership between these Defendants such that any individuality and separateness have ceased and that Defendant Walker controls the business and activities of Defendant W4.

24.     Upon information and belief, Defendant W4 was and is a mere shell, instrumentality and conduit through which Defendant Walker carried on business in the corporate name, exactly as he would have had there been no corporate entity at all, exercising complete control and dominance over such business to the point where any individuality or separateness between these Defendants does not, and at all times herein mentioned, did not, exist.

25.     In addition, upon information and belief, Defendant Walker further comingled and continues to comingle his assets with Defendant W4, controlled and continues to control W4's finances in their entirety, treated and treats Defendant W4's assets as his own, and further engaged and engages in such zealous controlling conduct towards Defendant W4 that Defendant W4 was and remains nothing more than a mere instrumentality of Defendant Walker.

26.     In fact, Plaintiffs are informed and believe, and on that basis allege that Defendant W4's powers, rights and privileges have been suspended in California by the Secretary of State.

Singh,
Singh &
Trauben,
LLP

5

Exhibit A Page 17

27.    Plaintiffs are informed and believe, and on that basis allege that Defendant W4 is unable to satisfy any judgment against it.

28.    Adherence to the fiction of the separate existence of Defendant Walker as an individual separate and distinct from Defendant W4 would permit an abuse of the corporate privilege and would sanction fraud or promote injustice in that Defendant Walker might escape liability for the causes of action set out herein and would permit an abuse of the corporate privilege and produce an inequitable result.

**Defendant Gulf Rayz**

29.    Plaintiffs are informed and believe, and based thereon allege, that Defendant Gulf Rayz is, and at all times mentioned herein was, a mere shell without sufficient capital, assets, stock and stockholders and conceived, intended and used by Defendant Jensen as a device to avoid individual liability.

30.    Specifically, upon information and belief, Defendant Jensen is the "alter ego" of Defendant Gulf Rayz and there exists, and at all times mentioned herein existed, a unity of interest and ownership between Defendants Gulf Rayz and Jensen such that any individuality and separateness have ceased and that Jensen control the business and activities of Gulf Rayz.

31.    Upon information and belief, Defendant Gulf Rayz was and is a mere shell, instrumentality and conduit through which Jensen carried on business in the corporate name, exactly as he would have had there been no corporate entity at all, exercising complete control and dominance over such business to the point where any individuality or separateness between Defendants Gulf Rayz and Jensen does not, and at all times herein mentioned, did not, exist.

32.    In addition, upon information and belief, Defendant Jensen further comingled and continues to comingle his assets with Gulf Rayz, controlled and continue to control Gulf Rayz' finances in their entirety, treated and treats Gulf Rayz' assets as his own, and further engaged and engages in such zealous controlling conduct towards Gulf Rayz that Gulf Rayz was and remains nothing more than a mere instrumentality of Defendant Jensen.

33.    Plaintiffs are informed and believe, and on that basis allege that Defendant Gulf Rayz is unable to satisfy any judgment against it.

COMPLAINT

Singh, Singh & Trauben, LLP

Exhibit A Page 18

34.   Plaintiffs are informed and believe, and on that basis allege that Defendant Gulf Rayz is not currently a valid Florida limited liability company.

35.   Adherence to the fiction of the separate existence of Jensen as an individual separate and distinct from Gulf Rayz would permit an abuse of the corporate privilege and would sanction fraud or promote injustice in that Jensen might escape liability for the causes of action set out herein and would permit an abuse of the corporate privilege and produce an inequitable result.

36.   Plaintiffs are informed and believe, and on that basis allege that, at all times herein mentioned, all Defendants acted in concert and conspired with or aided and abetted each other to do the acts complained of in this Complaint.  Further, Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned all Defendants acted as an agent for the other.

37.   Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

38.   Plaintiffs are informed and believe, and based thereon allege, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were actually and proximately caused by their conduct.   Plaintiffs are informed and believe, and based thereon allege, that, similar to Defendants Walker, Lasseff and Jensen, some of the fictitiously named Defendants maintain some ownership right, title or interest in the Defendant companies and acted in their individual capacity to cause harm to Plaintiffs and, further, that the entity Defendants are owned, dominated and controlled by the fictitiously named Defendants in such a manner so that the entity Defendants are simply a conduit or instrumentality through which the fictitiously named Defendants operate and that the entity Defendants have failed to follow corporate formalities and are inadequately capitalized.

39.   DOES 1 through 1, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names.  Plaintiffs will ask leave of Court to amend this Complaint

and insert the true names and capacities of said Defendants when the same have been ascertained.    Plaintiffs are informed and believe and, upon such, allege that each of the Defendants designated herein as "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiffs' damages as alleged herein were proximately caused by such Defendants.

40.    Plaintiffs are informed and believe, and based thereon allege, that at all times material hereto, each Defendant has authorized, approved, ratified and/or endorsed the acts of each remaining Co-Defendant.  Further, each of the Defendants was a partner, or was engaged in a joint venture with one or more of the remaining Co-Defendants and were acting within the scope and purpose of said partnership or joint venture.  Each Defendant has ratified each and every act of each other Defendant pertinent to said partnership or joint venture.

## JURISDICTION AND VENUE

41.    The harms and obligations sued upon were incurred and occurred in the County of Los Angeles.

42.    Jurisdiction is premised on the fact that the damages suffered by Plaintiffs are in excess of the minimum sum required for jurisdiction in the Superior Court of the State of California.

43.    This Court has personal jurisdiction over Defendants on the grounds that Defendants reside in Los Angeles County, California or conduct substantial business activities in this State and County.

44.    Venue is also proper in Los Angeles County, California as all or substantially all of the subject services, representations and transactions have occurred in this County and State.

## FACTUAL ALLEGATIONS

45.    Plaintiffs offer for sale, among other products, dietary supplements crafted to assist their customers in maintaining a healthy lifestyle.

46.    At all times mentioned in this Complaint, Plaintiffs have been engaged in the business of manufacturing and marketing, among other things, the trademarked dietary weight loss supplement known as AllDaySlim.

Singh, Singh & Trauben, LLP

8

COMPLAINT

47.    Plaintiffs' method of appointing distribution and marketing agents to engender and promote sales in specific geographical territories and distribution channels is an integral component of their sales, distribution and marketing strategy.  This method ensures brand integrity and strength, creates efficiencies, and summons the power of key fiduciary relationships with trusted agents to make sales on behalf of Plaintiffs and to develop Plaintiffs' brand and reputation.

48.    Defendant W4, per its own website, is an online performance advertising company which delivers results-based internet marketing solutions leveraging state-of-the-art platforms to drive response.  W4 likewise boasts that it adheres to the best practices in affiliate media distribution, and scores high marks through campaign optimization, quality affiliates and transparency.

49.    Upon information and belief, Defendant Walker is the Co-Founder and Chief Executive Officer of W4.

50.    Upon information and belief, Defendant Lasseff is the VP of Business Development at W4.

51.    Defendant Gulf Rayz is, upon information and belief, an online marketing company which offers, among other things, online advertising services.

52.    Defendant Jenson is, upon information and belief, a director, shareholder and/or employee of Defendant Gulf Rayz.

53.    Defendant Gulf Rayz is, upon information and belief, the owner and operator of the website www.slimblastfast.com (the "Infringing Website"), which website offers for sale dietary supplements, including, without limitation, SlimBlastFast.

54.    Defendant Stratix is, upon information and belief, the manufacturer and distributor of SlimBlastFast.

55.    Upon information and belief, at all times relevant, all Defendants, including, in particular, Defendant W4, maintained a direct pecuniary interest in and to the success of SlimBlastFast as a dietary supplement.

56.    Specifically, upon information and belief, at all times relevant, through various

Singh, Singh & Trauben, LLP

shell corporations and/or a direct ownership interests, all Defendants maintained an ownership interest in and to either Stratix or some other unknown DOE Defendant which controlled and/or collected the profits as generated by and through the promotion and sale of SlimBlastFast.

**Plaintiffs Enter into an Advertising Agreement with W4 Whereby W4 is Afforded Access To Plaintiffs' Confidential Information and Trade Secrets**

57.    In or around the fourth quarter of 2011, Plaintiffs and Defendant W4 entered into a written advertising agreement whereby Defendant W4 agreed to provide its website traffic services to direct targeted traffic and generate leads and sales with respect to Plaintiffs' website www.alldayslim.com, which website offers for sale a dietary product entitled AllDaySlim (the "Website"). A true and correct copy of the advertising insertion order reflecting the terms of the parties' contractual relationship is attached hereto as Exhibit "A".

58.    Pursuant to the parties' initial advertising agreement, Plaintiffs agreed to compensate W4 on a cost-per-acquisition model ("CPA Model"), whereby W4 would receive a payment of $45.00 for every sale generated by W4's marketing program.

59.    Thereafter, in or around the second quarter of 2012, at the insistence of the W4 Defendants, the parties' relationship shifted. Specifically, Defendants convinced Plaintiffs to appoint W4 as their exclusive agent for all matters related to Plaintiffs' dietary supplement product AllDaySlim.

60.    Based upon the W4 Defendants' representations and assurances regarding the benefits to Plaintiffs stemming from an exclusive agency relationship, Plaintiffs ultimately agreed to appoint W4 as their exclusive agent related to the marketing and promotion of their AllDaySlim product. A true and correct copy of the advertising insertion order reflecting these new terms governing the parties' contractual relationship is attached hereto as Exhibit "B".

61.    At all times, in their position as an agent of Plaintiffs related to the marketing, promotion and sale of AllDaySlim since in or around the fourth quarter of 2011, the W4 Defendants were provided with and had access to Plaintiffs' sensitive and confidential business information and trade secrets related to the production, marketing, sale and distribution of AllDaySlim.

Singh, Singh & Trauben, LLP

62.    More specifically, after assuming this position of responsibility, trust, and confidence, the W4 Defendants were granted access to, and gained knowledge of, numerous trade secrets and confidential and proprietary information that are the property of Plaintiffs, including, but not limited to, the following:

a.    information related to the identity of Plaintiffs' customers;

b.    information related to the preferences of Plaintiffs' customers, including, but not limited to, the types and volume of products sold to Plaintiffs' customers and timing preferences;

c.    information related to pricing of products sold to Plaintiffs' agents; *and*

d.    Plaintiffs' strategy and plans for the marketing and distribution of their products.

63.    Plaintiffs' success in the dietary supplement industry was due, in part, to their meticulous cultivation and development of these trade secrets. These trade secrets were developed through the expenditure of time, effort, and money by Plaintiffs.

64.    The aforementioned confidential trade secrets are not generally known to the public or the industry and have been the subject of Plaintiffs' reasonable efforts to maintain their confidentiality, including, but not limited to: requiring their agents to sign confidentiality agreements, communicating the confidentiality of Plaintiffs' information orally to employees and sales agents, and disclosing the above trade secret information to employees and sales agents strictly on a need-to-know basis.

65.    The availability of these trade secrets to a competitor would provide a competitive advantage and cause a significant loss to Plaintiffs.

**Plaintiffs Discover that the W4 Defendants are Working For a Direct Competitor and Selling Products that Directly Compete With and Infringe Upon AllDaySlim**

66.    Unbeknownst to Plaintiffs, the W4 Defendants, while ostensibly engaged as Plaintiffs' fiduciary and agent regarding Plaintiffs' AllDaySlim product, surreptitiously began to directly compete with Plaintiffs and induce the Gulf Rayz Defendants' infringement of AllDaySlim.

67.    Specifically, the W4 Defendants, after acquiring Plaintiffs' trade secrets and proprietary and confidential information, willfully, knowingly, oppressively, and maliciously

Singh, Singh & Trauben, LLP

decided to abdicate all duties and obligations owed to Plaintiffs and work with a separate online marketing company, Defendant Gulf Rayz, for the singular purposes of selling, marketing, promoting and distributing a dietary supplement called SlimBlastFast, which supplement product the W4 Defendants were well-aware was directly competitive with Plaintiffs' AllDaySlim.

68.    The W4 Defendants' efforts to divert sales, clients and trade secrets from Plaintiffs, included, among many other things, creating and fostering significant confusion among consumer and customers regarding the origin of products marketed by Plaintiffs such that Plaintiffs' customers believed these competing products were from Plaintiffs.

69.    Specifically, in or around the first quarter of 2012, Defendant Lasseff contacted Defendant Jensen for the express purpose of enticing and convincing the Gulf Rayz Defendants to engage in the theft of Plaintiffs' trade secrets, confidential information and trade dress and sell and distribute a directly competitive dietary supplement.

70.    In furtherance of this objective, in an email entitled "All Day Slim Creatives", Defendant Lasseff delivered to the Gulf Rayz Defendants the entirety of Plaintiffs' creative materials, including any and all trade secrets, related to AllDaySlim. A true and correct copy of a selection of such electronic mail communications is attached hereto as Composite Exhibit "C".

71.    Notably, in connection with these "All Day Slim Creatives" email correspondences, wherein Defendant Lasseff delivered to the Gulf Rayz Defendants the entirety of Plaintiffs' creative and proprietary materials, Defendant Lasseff proceeded a step further and improperly disclosed to the Gulf Rayz Defendants which specific internal advertising campaigns of Plaintiffs were most effective.

72.    Thereafter, the W4 Defendants and the Gulf Rayz Defendants entered into a similar exclusive contractual relationship whereby the W4 Defendants attached a direct pecuniary interest in and to the success of the competing SlimBlastFast.

73.    Specifically, the W4 Defendants agreed to, and in fact did, provide their website traffic services to direct targeted traffic and generate leads and sales for SlimBlastFast for the express benefit of all Defendants, including, without limitation, the Gulf Rayz Defendants. A true and correct copy of one such advertising invoice reflecting this contractual relationship

Singh,
Singh &
Trauben,
LLP

12

between the W4 Defendants and the Gulf Rayz Defendants is attached hereto as Exhibit "D".

74.    As all Defendants willfully and meticulously planned, the advertising and promotional materials Defendants crafted to market and sell SlimBlastFast improperly exploited the advertising, trade dress, trade secrets, product design and packaging of Plaintiffs' AllDaySlim, in a manner that is confusingly similar, if not identical, to Plaintiffs' advertising, and product trade dress.    A true and correct copy of Plaintiffs' Website in a side-by-side comparison with Defendants' Infringing Website is attached hereto as Composite Exhibit "E".

75.    These confusingly similar aspects, include, without limitation:

a.    formatting of logos, graphics, photographs, and text;

b.    satisfied customer quotations (including the name of the customer);

c.    light blue background with clouds behind the logo;

d.    light blue and orange color schematic;

e.    before and after comparison photographs;

f.    comparison chart;

g.    satisfaction guaranteed certificate and language;

h.    text appearing at the bottom of the page, including customer service telephone number;

i.    style and aesthetic of active ingredient section;

j.    presentation of the product's landing page; *and*

k.    presentation of trial offer page.

76.    As reflected by Exhibit "E", Defendants even went so far as to rip-off the positive customer endorsement in connection with Plaintiffs' Website and AllDaySlim.    Specifically, while being sure to change the name of the product being endorsed, Defendants directly copied the quotation and even elected to keep the same exact customer name.

77.    Critically, given Defendants' blatant disregard for Plaintiffs, Plaintiffs' intellectual property rights and Defendants' own customers generally, in the process of lifting, among other things, all of Plaintiffs' text from the Website, Defendants even *forgot* to remove from the Infringing Website Plaintiffs' very own customer service number, which resulted in customers calling Plaintiffs to register their complaints in connection with the infringing SlimBlastFast.

Singh,
Singh &
Trauben,
LLP

78.    After receiving numerous calls related to an unknown product entitled SlimBlastFast, which product seemingly served the same exact function and/or service of Plaintiffs' AllDaySlim, Plaintiffs naturally become suspicious.

79.    As a result of these numerous phone calls as intended towards the Gulf Rayz Defendants, Plaintiffs began an investigation, and, shortly thereafter, discovered several further disconcerting issues.

80.    Plaintiffs came to realize that the Infringing Website Defendants meticulously constructed and developed in deliberate and methodical fashion in furtherance of capitalizing on Plaintiffs' hard work and trade secrets, and directly competing with Plaintiffs' Website and product, was a blatant and direct copy of almost every aspect of Plaintiffs' Website for AllDaySlim.

81.    Specifically, among other trade dress converted for Defendants' benefit, the Infringing Website lifted each and every photograph and all text from the AllDaySlim Website, including, without limitation, the overall look, formatting, and color schematic of the AllDaySlim Website.

82.    Additionally, and likewise egregious, Defendants, by and through the Infringing Website, knowingly engaged in bandwidth theft (also known as inline linking), whereby the Infringing Website, through the conversion of Plaintiffs' trade dress, loaded Plaintiffs' images directly through Plaintiffs' very own server.

83.    Simply put, the Infringing Website, upon loading, would pull its images directly from Plaintiffs' server, causing Plaintiffs to be billed for all such bandwidth cost and fees. A true and correct copy of a printout of the Infringing Website's source code reflecting Defendants' bandwidth theft is attached hereto as Exhibit "F".

84.    This fraudulent scheme by Defendants, while shoddily executed, is laudable for its ingenuity; not only did the W4 Defendants redirect potential consumers from their very own client to the Infringing Website, each and every time the W4 Defendants did so, Plaintiffs would in fact bear the financial burden associated with operating the Gulf Rayz Defendants' Infringing Website, thereby reducing the Gulf Rayz Defendants' operating costs.

Singh,
Singh &
Trauben,
LLP

### W4 Intentionally Inhibited and Limited Plaintiffs' Marketing Campaign to Direct Its Resources into the Infringing Product

85.    Notably, while the W4 Defendants were engaging with the Gulf Rayz Defendants to undercut Plaintiffs and exploit Plaintiffs' trade secrets and trade dress, the W4 Defendants were still contractually obligated to promote and market AllDaySlim.

86.    In a direct effort to further subvert Plaintiffs and their AllDaySlim dietary supplement, the W4 Defendants, then acting as Plaintiffs' exclusive agent, fabricated pretext excuses for failing to adequately promote AllDaySlim.

87.    Critically, simultaneous with the W4 Defendants' failures and excuses in this regard, the W4 Defendants' continued to promote and market the Gulf Rayz Defendants' directly competitive SlimBlastFast and the corresponding Infringing Website.

88.    Unsurprisingly, the W4 Defendants' willful failure to promote and/or advertise AllDaySlim as contractually promise and agreed, exacerbated by the W4 Defendants' capacity as Plaintiffs' exclusive agent, caused Plaintiffs to suffer great and irreparable injury.

### W4 Proactively Misled Plaintiffs and Restricted Plaintiffs' Ability to View W4 Offers

89.    As a client of the W4 Defendants, at all times relevant, Plaintiffs maintained access to the W4 Defendants' online account, which exhibited (or should have exhibited) all of the W4 Defendants' current offers for all of their clients.

90.    Necessarily, this online tracking system allowed clients the opportunity to login and examine both the offers the W4 Defendants' were currently running for them, but additionally, all offers the W4 Defendants' were running.  This online tracking system was a valuable tool for clients to track the W4 Defendants' activities and avoid potential conflicts of interest.

91.    Curiously, the W4 Defendants' advertising campaign as related to the Gulf Rayz Defendants, SlimBlastFast and the Infringing Website was proactively concealed from Plaintiffs.

92.    As such, upon information and belief, while the Gulf Rayz Defendants could log in and examine the W4 Defendants' offers (or lack thereof) as related to AllDaySlim, the reciprocal right did not exist because W4 proactively undertook steps to thwart this transparency,

Singh, Singh & Trauben, LLP

Exhibit A Page 27

all in furtherance of its fraudulent endeavors.

93.    In this vein, the W4 Defendants' were able to shield and prevent Plaintiffs from learning of the existence of their misappropriation and fraudulent actions in connection with the Gulf Rayz Defendants, SlimBlastFast and the Infringing Website.

<div align="center">

**The Aftermath of Plaintiffs' Discovery**

</div>

94.    Upon Plaintiffs' discovery of the W4 Defendants' misappropriation and fraudulent actions in connection with the Gulf Rayz Defendants, SlimBlastFast and the Infringing Website, Plaintiffs wrote the W4 Defendants seeking an explanation of, among other things, the existence of the Infringing Website.

95.    In a notable internet chat exchange as between Defendant Lasseff and Defendant Jensen, presumably occurring just after Plaintiffs discovered the Infringing Website, Defendant Lasseff exclaimed to Jensen that based upon Plaintiffs' discovery of their fraudulent scheme, Defendant Lasseff had to assume the apparently burdensome task of "gotta [sic] meet with these dumbfucks now", referring to Plaintiffs, her customer.

96.    Lasseff, apparently reflecting W4's true opinions of its own customers, was apparently annoyed at the "audacity" of Plaintiffs to express dismay regarding the W4 Defendants' willful and egregious misappropriation and fraudulent actions as described herein. A true and correct copy of a selection of the parties' electronic chat log is attached hereto as Exhibit "G".

97.    Above and beyond this telling statement by Defendant Lasseff, emblematic and representative of the W4 Defendants' great concern towards their very own clients, the parties' electronic chat log is replete with various discussions regarding the Defendants' plans and process of infringing Plaintiffs' trade dress and trade secrets and generally diverting Plaintiffs' potential customers to the Infringing Website.

98.    Even after Plaintiffs' ultimate discovery of Defendants' fraudulent actions, the W4 Defendants continued to promote and market the Infringing Website and expressly condone the Gulf Rayz Defendants' infringing behavior.

99.    Specifically, as reflected in the parties' chat log, and expressly after Plaintiffs'

Singh,
Singh &
Trauben,
LLP

Exhibit A Page 28

discovery, Defendant Lasseff states that "[Walker] is fine with the media buyers running", in response to Defendant Jensen's inquiry into the W4 Defendants' stance on whether the Gulf Rayz Defendants should continue selling SlimBlastFast by and through the Infringing Website.

100.    Notably, in direct response to Plaintiffs' reasonable inquiry into the identical Infringing Website, the W4 Defendants' represented to Plaintiff that they would "investigate" the matter.

101.    Throughout the entirety of this two week sham investigation, all Defendants, at the direction, approval and insistence of the W4 Defendants, continued to engage in their infringing activities, further causing significant monetary harm and damage to Plaintiffs.

102.    All conditions precedent to the bringing of this action have occurred, been waived or performed.

**COUNT I**
**BREACH OF WRITTEN CONTRACT**
**(As Against the W4 Defendants)**

103.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 102 as if fully set forth herein.

104.    The W4 Defendants breached the parties' exclusive advertising agreement with Plaintiffs by, among other acts, failing to actively promote AllDaySlim.

105.    Plaintiffs, at all times, performed all material terms of the parties' exclusive advertising agreement in the manner specified with the exception of those terms excused.

106.    Plaintiffs are informed and believe, and on that basis allege that, beginning in or around the first quarter of 2012, the W4 Defendants breached the parties' written advertising agreement by, among other things: (i) failing to use their best efforts to promote and/or market AllDaySlim, including but not limited to devoting their energies to selling products that directly compete with AllDaySlim; (ii) failing to adhere to the highest standard of honesty, integrity, fair dealing and ethical conduct in their dealings, including but not limited to failing to disclose to Plaintiffs that they was competing directly with Plaintiffs; (iii) undertaking business practices which injured Plaintiffs' business and good will, including but not limited to establishing and promoting a business that directly competed with Plaintiffs; (iv) disclosing Plaintiffs'

Singh,
Singh &
Trauben,
LLP

17

COMPLAINT

Exhibit A Page 29

confidential, proprietary, and trade secret information and intellectual property to third-parties, including the Gulf Rayz Defendants, without authorization; (v) utilizing Plaintiffs' confidential, proprietary, and trade secret information and intellectual property for their own benefit and to the detriment of Plaintiffs; and (vi) in contravention of the parties' express understanding and agreement, brokering their services with third-party networks and engaging in the use of illegal botnets to promote AllDaySlim.

107.    As a direct and proximate result of the W4 Defendants' actions as alleged herein, Plaintiffs have been injured by loss of business and business opportunities, loss of good will, and damage to reputation.  Plaintiffs are entitled to recover from the W4 Defendants the damages they have sustained and will sustain as a result of the W4 Defendants' wrongful acts as hereinabove alleged.  The amount of such damages cannot be determined at this time and is requested according to proof at trial.

### COUNT II
### FRAUD
### (As Against the W4 Defendants)

108.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 107 as if fully set forth herein.

109.    The W4 Defendants, to induce Plaintiffs to agree to entrust the W4 Defendants as Plaintiffs' agent for all matters related to their dietary supplement AllDaySlim, made material misrepresentations and assurances to Plaintiffs regarding the W4 Defendants' ability and intention to promote and market AllDaySlim, in addition to, material misrepresentations and assurances to Plaintiffs that the entirety of Plaintiffs' proprietary information and trade secrets would remain, at all times, highly protected.

110.    In addition, the W4 Defendants made material misrepresentations and assurances regarding their ability and intention to advertise, market and promote Plaintiffs' AllDaySlim.

111.    The W4 Defendants' representations and assurances were designed to entice Plaintiffs, at Plaintiffs' significant detriment and expense, to retain the W4 Defendants as their exclusive agent.

112.    At the time the W4 Defendants made the foregoing material representations and

Singh,
Singh &
Trauben,
LLP

promises to Plaintiffs, the W4 Defendants had no intention of fully performing under the terms of the parties' exclusive advertising agreement and knew that such representations were false when made.

113.    The W4 Defendants made such representations promising future action with no intention of performing or with a positive intention of not performing on such promises.

114.    In addition, the W4 Defendants, as they intended to all along, diverted and reallocated significant funds and resources from the marketing and promotion of Plaintiffs' product, AllDaySlim, to instead market and promote the directly competitive infringing product SlimBlastFast by and through the Infringing Website.

115.    Plaintiffs acted in justifiable reliance upon Defendants' material misrepresentations and assurances as, at the time the W4 Defendants made such representations, Plaintiffs did not know of the W4 Defendants' complete lack of intention to fully perform under the parties' exclusive advertising agreement, and could not, in the exercise of reasonable diligence, have discovered the W4 Defendants' positive intention of not performing.

116.    As a direct and proximate result of Plaintiffs' justifiable reliance upon the W4 Defendants' fraudulent misrepresentations, Plaintiffs have suffered significant and extensive damages and financial injury.

<div align="center">

**COUNT III**
**BREACH OF FIDUCIARY DUTY**
**(As Against the W4 Defendants)**

</div>

117.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 116 as if fully set forth herein.

118.    At all times relevant hereto, the W4 Defendants, as a result of the confidential business relationship between Plaintiffs and the W4 Defendants, and because Plaintiffs entrusted their intellectual property into the custody of the W4 Defendants, which property included, but was not limited to, Plaintiffs' trade secrets and trade dress, the W4 Defendants owed a fiduciary duty to Plaintiffs to use Plaintiffs' intellectual property in a fair, just and equitable manner and consistent with Plaintiffs' instructions, and to forego any use of such ability to benefit themselves, either alone or in conjunction with the other entities, in a manner detrimental to

Singh,
Singh &
Trauben,
LLP

COMPLAINT

Exhibit A Page 31

Plaintiffs.

119. The W4 Defendants have breached their fiduciary duties and responsibilities by, inter alia, engaging in the following actions and conduct: disclosing Plaintiffs' proprietary trade dress and trade secrets to direct competitors without the right or license to do so.

120. As a direct and proximate result of the aforementioned conduct, Plaintiffs have suffered damage in an amount to be proved at trial.

121. In committing the acts alleged herein, the W4 Defendants acted willfully, maliciously, oppressively, and in wanton disrespect of Plaintiffs' interest and rights. Because of this, Plaintiffs are entitled to punitive and/or exemplary damages against the W4 Defendants.

## COUNT IV
## TORTIOUS INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS
### (As Against Defendant Lasseff and the Gulf Rayz Defendants)

122. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 121 as if fully set forth herein.

123. At all times relevant hereto, Plaintiffs had a reasonable expectancy of profit to be derived as a result of their written contracts with Defendant W4.

124. At all times relevant hereto, Defendant Lasseff and the Gulf Rayz Defendants knew of this reasonable expectation of profit on the part of Plaintiffs based upon Plaintiffs' existing contractual relationship with Defendant W4, and Defendant Lasseff and the Gulf Rayz Defendants were well-aware as to the existence of Plaintiffs' written contracts.

125. Specifically, above and beyond Defendant Lasseff's unequivocal knowledge of the existing contracts, Plaintiffs' existing contractual relationship was expressly displayed on Defendant W4's online tracking system, which, at all times relevant hereto, was accessible by the Gulf Rayz Defendants.

126. Moreover, as reflected in the chat logs as attached hereto as Exhibit "G", Defendants Lasseff and Jensen discussed at length W4's contractual relationship with Plaintiffs.

127. Notably, at one point during these extensive chats, Defendant Jensen specifically asks Defendant Lasseff if the W4 Defendants are "loyal" to Plaintiffs and Plaintiffs' AllDaySlim dietary supplement.

Singh,
Singh &
Trauben,
LLP

128.    To wit, Defendant Lasseff responds that it might in fact be wiser if Defendant Jensen simply call her on the telephone for such a conversation; the rest is history.

129.    After this frank discussion, commencing in or around the first quarter of 2012, and continuing for a period of several months, Defendant Lasseff and the Gulf Rayz Defendants began to take further action, as described herein, specifically designed to interfere with Plaintiffs' reasonable expectation of profit based upon their existing contractual relationships with Defendant W4.

130.    Defendant Lasseff and the Gulf Rayz Defendants performed such acts with the specific intent to interfere with Plaintiffs' reasonable expectation of profit from their contractual relationships with Defendant W4.

131.    As a direct and proximate result of Defendant Lasseff's and the Gulf Rayz Defendants' wrongful acts, Plaintiffs' valuable contractual relationships with Defendant W4 have been terminated, and Plaintiffs have been damaged in an amount to be proved at trial together with interest thereon at the maximum rate permitted by law.

132.    In committing the acts alleged herein, Defendant Lasseff and the Gulf Rayz Defendants acted willfully, maliciously, oppressively, and in wanton disrespect of Plaintiffs' interests and existing contractual agreements and rights.  Because of this, Plaintiffs are entitled to punitive and/or exemplary damages against Defendant Lasseff and the Gulf Rayz Defendants.

## COUNT V
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS
### (As Against All Defendants)

133.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 132 as if fully set forth herein.

134.    In the alternative, Plaintiffs held economic relationships with potential and targeted customers and distributors that would have likely resulted in economic benefits to Plaintiffs, including without limitation sales of Plaintiffs' AllDaySlim.

135.    Plaintiffs are informed and believe, and on that basis allege that Defendants had knowledge of the relationships between Plaintiffs and their potential customers and distributors.

136.    Plaintiffs are informed and believe, and on that basis allege that, beginning on or

Singh,
Singh &
Trauben,
LLP

after the first quarter of 2012, the Defendants intentionally undertook acts designed to disrupt the relationships between Plaintiffs and their potential customers and distributors, including by engaging in wrongful conduct through breach of the W4 Defendants' agreement with Plaintiffs, misappropriation of Plaintiffs' trade secrets, infringement of Plaintiffs' trade dress, and unfair competition, all as alleged in detail herein.

137.    Plaintiffs are informed and believe, and on that basis allege that Plaintiffs' relationships with their potential customers and distributors were disrupted, and that Defendants' wrongful acts as alleged herein constituted a substantial factor in such disruption.

138.    As a result, Plaintiffs were harmed in that sales and economic benefits were diverted from them, including to the benefit of Defendants in their promotion and sales of the infringing SlimBlastFast, and Plaintiffs' lost business and business opportunities, loss of good will, and damage to reputation.

139.    Plaintiffs are entitled to recover from Defendants the damages and lost profits they have sustained and will sustain as a result of Defendants' wrongful acts as hereinabove alleged. The amount of such damages and lost profits cannot be determined at this time and is requested according to proof at trial.

140.    Plaintiffs are informed and believe, and on that basis allege that Defendants committed their acts of interference willfully and maliciously in that Defendants intended by their conduct to gain business and a share of the dietary supplement market at the expense of Plaintiffs' profits and market share; and to secretly misappropriate Plaintiffs' confidential information to their competitive advantage without Plaintiffs' knowledge and while Plaintiffs believed that Defendants were acting in Plaintiffs' best interests.  Defendants' conduct justifies an award of exemplary damages.

## COUNT VI
## MISAPPROPRIATION OF TRADE SECRETS (CUTSA)
### (California Uniform Trade Secret Act, California Civil Code § 3426 *et seq.*)
### (As Against All Defendants)

141.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 140 as if fully set forth herein.

Singh,
Singh &
Trauben,
LLP

142.    Beginning on or around the fourth quarter of 2012, the Defendants obtained access to Plaintiffs' confidential trade secret information, including but not limited to, the following:

a.    the identities of and detailed information related to Plaintiffs' existing customers;

b.    detailed information related to the preferences of Plaintiffs' customers, including but not limited to the types and volume of products sold to Plaintiffs' customers and their respective timing preferences;

c.    information related to pricing of products sold to Plaintiffs' agents;

d.    Plaintiffs' creative materials for their AllDaySlim dietary supplement; *and*

e.    Plaintiffs' strategies and plans for marketing and distributing their products, including the AllDaySlim dietary supplement.

143.    These trade secrets were developed through the expenditure of time, effort, and significant money by Plaintiffs, and have substantial economic value in that the use of the confidential information has enabled Plaintiffs to build a business and identify and fill the needs of their customers better than their competitors. The availability of these trade secrets to a competitor would provide a competitive advantage and cause a significant loss to Plaintiffs.

144.    The aforementioned confidential trade secrets are not generally known to the public or the industry and have been the subject of Plaintiffs' reasonable efforts to maintain their confidentiality, including but not limited to: communicating the confidentiality of Plaintiffs' information orally to employees and sales agents, and disclosing the above trade secret information to employees and sales agents strictly on a need-to-know basis.  In the alternative, and even if the foregoing does not constitute a trade secret, then the foregoing constitutes economically valuable confidential and proprietary business information that is owned exclusively by Plaintiffs.

145.    Plaintiffs are informed and believe, and on that basis allege that, beginning on or after the first quarter of 2012, Defendants misappropriated Plaintiffs' trade secret information without the authorization or consent of Plaintiffs, and knowingly exploited such trade secrets for their own benefit and competitive advantage and to Plaintiffs' express detriment.

146.    Defendants have further misappropriated Plaintiffs' trade secret information by

Singh,
Singh &
Trauben,
LLP

23

Exhibit A Page 35

seeking to have the trade secrets replicated by others without the authorization and consent of Plaintiffs.

147.    The acts of Defendants as alleged herein constitute misappropriation of trade secrets, as defined in Civil Code section 3426.1, subd. (b).

148.    Defendants knew or had reason to know that their knowledge of Plaintiffs' trade secrets and valuable business information was acquired under circumstances creating a legal obligation to limit use of such information.

149.    Plaintiffs have been damaged by Defendants' misappropriation of Plaintiffs' trade secrets and/or valuable business information, and/or Defendants were unjustly enriched by their misappropriation of such information.

150.    Plaintiffs are informed and believe, and on that basis allege that, as a direct and proximate result of Defendants' acts of misappropriation of Plaintiffs' trade secrets, Plaintiffs are threatened with the loss of profits from their sale of their dietary supplements, and will continue to suffer damages and Defendants will continue to be unjustly enriched by these actions. The amount of such damages and lost profits cannot be determined at this time and is requested according to proof at trial. In the event that neither Plaintiffs' damages nor Defendants' unjust enrichment is subject to proof, Plaintiffs are entitled to a reasonable royalty under Civil Code section 3426.3, subd. (b).

151.    Plaintiffs are informed and believe, and on that basis allege that Defendants committed their acts of interference willfully and maliciously in that Defendants intended by their conduct to gain business and a share of the dietary supplement market at the expense of Plaintiffs' profits and market share; and to secretly misappropriate Plaintiffs' confidential information to their competitive advantage as Plaintiffs' trusted exclusive agent without Plaintiffs' knowledge and while Plaintiffs believed that Defendants were acting in Plaintiffs' best interests. Defendants' conduct justifies an award of exemplary damages.

**COUNT VII**
**AIDING AND ABETTING MISAPPROPRIATION**
**(As Against All Defendants)**

152.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1

Singh, Singh & Trauben, LLP

through 151 as if fully set forth herein.

153.  Plaintiffs allege above that each of the Defendants are liable for Misappropriation of Trade Secrets (Sixth Claim for Relief)("Misappropriation of Trade Secrets").

154.  To the extent that a Defendant is deemed not to have committed Misappropriation, such Defendant may, in the alternative, be held liable for aiding and abetting the other Defendants' commission of Misappropriation.

155.  Defendants, who are not directly liable under the Sixth Claim for Relief, substantially assisted, aided and abetted the other Defendants' conduct constituting Misappropriation.  These Defendants knew that the other Defendants were engaging in Misappropriation and willingly provided their assistance to other Defendants for their own gain and benefit.

156.  As a proximate result of Defendants' conduct, Plaintiffs have suffered damages in an amount to be determined at trial.

157.  Defendants' actions were malicious, fraudulent, oppressive, and intended to damage Plaintiffs, and consequently Plaintiffs are entitled to recover punitive damages.

## COUNT VIII
### INFRINGEMENT OF TRADE DRESS
### (LANHAM ACT, 15 U.S.C. § 1051 *et seq.*)
#### (As Against All Defendants)

158.  Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 157 as if fully set forth herein.

159.  In the alternative, the following design or trade dress of Plaintiffs' dietary supplement is arbitrary and nonfunctional, and has become identified in the market as originating with Plaintiffs:

a.    formatting of logos, graphics, photographs, and text;

b.    light blue background with clouds behind the logo;

c.    light blue and orange color schematic;

d.    before and after comparison photographs;

e.    comparison chart;

f.    satisfaction guaranteed certificate and language;

Singh,
Singh &
Trauben,
LLP

Exhibit A Page 37

g.    text appearing at the bottom of the page, including customer service telephone number;

h.    style and aesthetic of active ingredient section; *and*

i.    presentation of trial offer page.

160.    As a result of the sales and advertising by Plaintiffs, the trade dress of Plaintiffs' dietary supplement AllDaySlim has developed and now has a secondary and distinctive trade dress meaning to potential purchasers, in that potential purchasers have come to associate dietary supplement products bearing the trade dress with Plaintiffs.

161.    Subsequent to Plaintiffs' use and adoption of the above-mentioned trade dress, Defendants, by and through, among other things, the Infringing Website, adopted advertising, trade dress, and product design and packaging that is identical and confusingly similar to Plaintiffs' advertising, and product trade dress, such that it misleads customers to believe that the SlimBlastFast product originates from, or is sponsored or endorsed by, Plaintiffs.    These confusingly similar aspects include, without limitation: the overall "look" of the Infringing Website, which is presented in a style and manner so as to be confusingly similar to Plaintiffs' trade dress, including, without limitation, Plaintiffs' Website.

162.    As a direct and proximate result of Defendants' wrongful acts as alleged herein, Defendants obtained unlawful profits for themselves and/or others to the express detriment of Plaintiffs.    Plaintiffs are entitled to restitution of all monies improperly diverted from Plaintiffs due to the conspiracy to which Defendants were the conductor.

163.    Plaintiffs are informed and believe, and on that basis allege that Defendants committed their acts of interference willfully and maliciously in that Defendants intended by their conduct to gain business and a share of the dietary supplement market at the expense of Plaintiffs' profits and market share; and to secretly misappropriate Plaintiffs' trade dress to their competitive advantage without Plaintiffs' knowledge. Defendants' conduct justifies an award of exemplary damages.

<div align="center">

**COUNT IX**
**AIDING AND ABETTING INFRINGEMENT OF TRADE DRESS**
**(As Against All Defendants)**

</div>

164.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1

Singh, Singh & Trauben, LLP

through 163 as if fully set forth herein.

165.   Plaintiffs allege above that each of the Defendants is liable for Infringement of Plaintiffs' Trade Dress (Ninth Claim for Relief)("Infringement of Trade Dress").

166.   To the extent that any Defendant is deemed not to have committed Infringement of Trade Dress, such Defendants may in the alternative be held liable for aiding and abetting the other Defendants' commission of Infringement of Trade Dress.

167.   Defendants, who are not directly liable under the Ninth Claim for Relief, substantially assisted, aided and abetted the other Defendants' conduct constituting Infringement of Trade Dress.

168.   Defendants knew that the other Defendants were engaging in Infringement of Trade Dress and willingly provided their assistance to the other Defendants for their own gain and benefit.

169.   As a proximate result of Defendants' conduct, Plaintiffs have suffered damages in an amount to be determined at trial.

170.   Defendants' actions were malicious, fraudulent, oppressive, and intended to damage Plaintiffs, and consequently Plaintiffs are entitled to recover punitive damages

## COUNT X
## UNFAIR COMPETITION
### (As Against All Defendants)

171.   Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 170 as if fully set forth herein.

172.   In the alternative, Plaintiffs have adopted and used trade dress in the marketplace, associated with their dietary supplements, that has obtained secondary meaning in then marketplace such that consumers associate the use of this trade dress with Plaintiffs.

173.   Subsequent to Plaintiffs' use and adoption of the above-mentioned trade dress, Defendants, by and through, among other things, the Infringing Website, adopted advertising, trade dress, and product design and packaging that is confusingly similar to Plaintiffs' advertising, and product trade dress, such that is misleads customers to believe that SlimBlastFast originates from, or are sponsored or endorsed by, Plaintiffs.

Singh,
Singh &
Trauben,
LLP

174.   As a direct and proximate result of Defendants' wrongful acts as alleged in this Complaint, Defendants obtained unlawful profits for themselves and/or others to the detriment of Plaintiffs.

175.   Plaintiffs are informed and believe, and on that basis allege that Defendants committed their wrongful acts willfully and maliciously in that Defendants intended by their conduct to gain business and a share of the dietary supplement market at the expense of Plaintiffs' profits and market share; and to create customer confusion regarding the source of the SlimBlastFast dietary supplement.   Defendants' conduct justifies an award of exemplary damages.

## COUNT XI
## UNFAIR BUSINESS PRACTICES (BUS & PROF. CODE § 17200)
### (As Against All Defendants)

176.   Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 175 as if fully set forth herein.

177.   In the alternative, Defendants' methods of producing, marketing and selling dietary supplement products, including, without limitation, SlimBlastFast, constitute fraudulent business acts or practices within the meaning of Business and Professions Code § 17200.

178.   The harm to Plaintiffs and to members of the general public outweighs the utility of Defendants' business practices.

179.   The unlawful, unfair, and fraudulent business practices and false and misleading advertising of Defendants, as described in this Complaint, present a continuing threat to members of the public in that they are likely to cause confusion as to the source of Defendants' products in that the general public is likely to believe that Defendants' products originate from, or are affiliated with Plaintiffs, or are identical to Plaintiffs' products.

180.   As a direct and proximate result of Defendants' wrongful acts as alleged in this Complaint, Defendants have obtained unlawful profits for themselves and/or others to the detriment of Plaintiffs.

181.   Plaintiffs are informed and believe, and on that basis allege that Defendants committed their acts of interference willfully and maliciously in that Defendants intended by

Singh,
Singh &
Trauben,
LLP

COMPLAINT

Exhibit A Page 40

their conduct to gain business and a share of the dietary supplement market at the expense of Plaintiffs' profits and market share; and to secretly misappropriate Plaintiffs' confidential information, trade secrets and/or trade dress to their competitive advantage as without Plaintiffs' knowledge. Defendants' conduct justifies an award of exemplary damages.

## COUNT XII
### VIOLATION OF RICO - 18 U.S.C. § 1962
(As Against All Defendants)

182.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 181 as if fully set forth herein.

183.    Defendants W4, LLC, Jason Durant Walker, Rachel Lasseff, Gulf Rayz Media, LLC, Andrew Jensen and Stratix Health, LLC constitute an enterprise (the "SlimBlastFast Enterprise") which is engaged in activities which affect interstate commerce.

184.    The SlimBlastFast Enterprise has committed the wrongful conduct set forth in this Complaint by means of numerous acts of mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, interstate and foreign travel or transportation in aid of racketeering enterprises in violation of 18 U.S.C. § 1952, interstate transportation of stolen property in violation of 18 U.S.C. § 2318, trafficking in goods or services bearing counterfeit marks in violation of 18 U.S.C. § 2321, engaging in monetary transactions in property derived from unlawful activity in violation of 18 U.S.C. § 1957, and interfering with interstate commerce in violation of 18 U.S.C. § 1951.

185.    All of these acts are "racketeering activity" within the meaning of 18 U.S.C. § 1961(1).

186.    Defendants have acquired and maintained the SlimBlastFast Enterprise through a pattern of racketeering activity in violation of 18 U.S.C. §§ 1962(a)-(c).

187.    The SlimBlastFast Enterprise has conspired to violate 18 U.S.C. §§ 1962(a)-(c).

188.    The racketeering activity of the SlimBlastFast Enterprise is pervasive, ongoing and continuous so as to constitute a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5).

189.    The SlimBlastFast Enterprise has derived income, directly and indirectly, from

COMPLAINT

Singh,
Singh &
Trauben,
LLP

this pattern of racketeering activity and has used part of this income, or the proceeds of this income, in the establishment and operation of the SlimBlastFast Enterprise in violation of 18 U.S.C. § 1962(a).

190.    Plaintiffs have been injured in their business or property by reason of this violation of 18 U.S.C. § 1962(a).  As a result, Plaintiffs are entitled to treble damages, costs of suit and attorneys' fees in an amount to be proven at trial.

<div align="center">

**COUNT XIII**
**ACCOUNTING**
**(As Against All Defendants)**

</div>

191.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 190 as if fully set forth herein.

192.    Upon information and belief, Defendants have received, and continue to receive, substantial revenues from the sale of and contracts related to the Infringing Website and the sale of SlimBlastFast, using and exploiting Plaintiffs' trade dress and trade secrets.

193.    Plaintiffs are entitled to a full accounting of all revenues received by Defendants in connection with the creation, marketing, distribution and sale of SlimBlastFast.

194.    Accordingly, the full and precise amount owed and becoming due to Plaintiffs can only be determined pursuant to a full and accurate accounting of all gross proceeds generated from and expenses incurred, by or in connection with the distribution, licensing and/or other exploitation of SlimBlastFast by Defendants.

<div align="center">

**PRAYER FOR RELIEF**

</div>

**WHEREFORE**, Plaintiffs Lepton Labs, LLC and Focus Marketing, LLC respectfully request that this Court enter judgment in their favor and as against Defendants W4, LLC, Jason Durant Walker, Rachel Lasseff, Gulf Rayz Media, LLC, Andrew Jensen and Stratix Health, LLC as follows:

(a)    For damages as against Defendants in an amount no less than $2,000,000.00;

(b)    For all actual, general, special, economic and compensatory damages and royalties according to proof at trial;

(c)    For an award of the revenues and profits received by Defendants as a result of the unauthorized use of Plaintiffs' trade secrets and trade dress;

Singh,
Singh &
Trauben,
LLP

<div align="center">COMPLAINT</div>

Exhibit A Page 42

(d)     For pre-judgment interest on all amounts claimed that are readily ascertainable as permitted by law;

(e)     Enjoining Defendants from disclosing or using Plaintiffs' confidential, proprietary, and trade secret information;

(f)     Enjoining Defendants from altering, destroying, or otherwise disposing of any records or physical evidence relating to: (i) the confidential information; (ii) the actions of Defendants as alleged above; or (iii) Plaintiffs;

(g)     For restitution and disgorgement of Defendants' revenues and profits obtained through unjust enrichment;

(h)     For all attorneys' fees as appropriate;

(i)     For an award of punitive and exemplary damages in an amount commensurate with the egregious nature of Defendants' conduct, and significant enough to dissuade Defendants from pursuing similar conduct in the future;

(j)     For all costs of suit incurred herein; *and*

(k)     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: May 16, 2014                        Respectfully submitted,

                                           SINGH, SINGH & TRAUBEN, LLP
                                           MICHAEL A. TRAUBEN
                                           JUSTIN R. TRAUBEN


                                           By: _____
                                                Michael A. Trauben

                                           *Attorneys for Plaintiffs*
                                           Lepton Labs, LLC and
                                           Focus Marketing, LLC

Singh,
Singh &
Trauben,
LLP

# EXHIBIT "A"



| Date: | 10/26/11 |
|---|---|
| Acct. Exec. | Chance Johnson |

## ADVERTISING INSERTION ORDER

W4 LLC  |  2415 MAIN STREET UNIT A  SANTA MONICA, CA 90405  |  PH (888) 838-1572  |  FAX (310) 496-2012

| Advertiser Name: | Focus Marketing LLC | Campaign Name: | All day Slim |
|---|---|---|---|
| Billing Address: | 10811 Washington Blvd 4th Floor | CPA Rate: | $45 |
| City, State, Zip: | Culver City, CA 90232 | Payable Action: | CC Submit |
| Contact: | Bob Dashtizad | Payment Terms: *As described in Terms and Conditions* | PrePay |
| Phone: | 424 298 8973 | Billing Contact: | Norman Woo |
| Fax: | | Phone: | |
| Email: | bob@sparkstudios.com | Email: | Norman@sparkstudios.com |
| IM: | | IM: | |

CAMPAIGN DETAILS

| Exclusive: | ☐ True    ☐ Network    ☑ NO | Suppression File Retrieval: | ☐ Download via login    ☑ Emailed |
|---|---|---|---|
| Channels: | ☑ Email/Newsletter    ☑ Display/PPC Media    ☑ PPV/Contextual    ☑ Search/SEM/SEO  ☑ Social Media    ☑ Network Syndication    ☐ Incentive | | |
| Regions: | ☑ US Only    ☐ Canada    ☐ UK    ☐ Other Countries (please list): | | |
| Budget Cap? | ☐ Daily    ☐ Weekly    ☐ Monthly | Dollar Amount: | |
| Lead Cap? | ☐ Daily    ☐ Weekly    ☐ Monthly | Number of Leads: | |
| Start Date: | asap | End Date (if applicable): | |
| Special Instructions: | ① NO BROKERING TO THIRD PARTY NETWORKS | | |

This Insertion Order is subject to the Terms and Conditions attached to this document. This document supersedes any previously agreed-to Terms and Conditions.

THE SIGNATORY OF THIS INSERTION ORDER REPRESENTS THAT HE/SHE HAS READ, UNDERSTANDS, AND AGREES TO THE TERMS OF SUCH TERMS AND CONDITIONS.

| Advertiser Signature: | *[signature]* | W4 Signature: | |
|---|---|---|---|
| Print: | BOB DASHTIZAD | Print: | |
| Title: | DIGITAL STRATEGY | Title: | |
| Date: | 10/27/11 | Date: | |

Exhibit A Page 45

# EXHIBIT "B"

# W4

| Date: | 5/18/2012 |
|---|---|
| Acct. Exec. | Bernardo Nardone |

## ADVERTISING INSERTION ORDER

W4 LLC  |  2415 MAIN STREET UNIT A  SANTA MONICA, CA 90405  |  PH (888) 838-1572  |  FAX (310) 496-2012

| Advertiser Name: | Focus Marketing LLC | Campaign Name: | All Day Slim - CPS |
|---|---|---|---|
| Billing Address: | 10811 Washington Blvd. 4th Fl. | CPA Rate: | $50 |
| City, State, Zip: | Culver City, CA  90232 | Payable Action: | CC  purchase |
| Contact: | Chris Corson | Payment Terms: *As described in Terms and Conditions* | Prepay |
| Phone: | 310-895-8721 | Billing Contact: | Same |
| Fax: | | Phone: | Same |
| Email: | chris@adsupply.com | Email: | Same |
| IM: | | IM: | |

## CAMPAIGN DETAILS

| | | | |
|---|---|---|---|
| Exclusive: | ✓ True   ☐ Network   ☐ NO | Suppression File Retrieval: | ✓ Download via login   ☐ Emailed |
| Channels: | ✓ Email/Newsletter  ☐ Display/PPC Media  ☐ PPV/Contextual  ☐ Search/SEM/SEO  ☐ Social Media  ☐ Network Syndication  ☐ Incentive | | |
| Regions: | ✓ US Only  ☐ Canada  ☐ UK  ☐ Other Countries (please list): | | |
| Budget Cap? | ☐ Daily  ☐ Weekly  ☐ Monthly  **Dollar Amount:** | | |
| Lead Cap? | ☐ Daily  ☐ Weekly  ✓ Monthly  **Number of Leads:** 300 | | |
| Start Date: | ASAP | End Date (if applicable): | TBD |
| Special Instructions: | | | |

This Insertion Order is subject to the Terms and Conditions attached to this document. This document supersedes any previously agreed-to Terms and Conditions.

**THE SIGNATORY OF THIS INSERTION ORDER REPRESENTS THAT HE/SHE HAS READ, UNDERSTANDS, AND AGREES TO THE TERMS OF SUCH TERMS AND CONDITIONS.**

| Advertiser Signature: | *[signature]* | W4 Signature: | |
|---|---|---|---|
| Print: | Chris Corson | Print: | |
| Title: | Co-Founder | Title: | |
| Date: | 5/18/2012 | Date: | |

# EXHIBIT "C"

**Subject:** All Day Slim Creatives

**Date:** Wednesday, January 18, 2012 1:12:16 PM Pacific Standard Time

**From:** Rachel Lasseff

**To:** Andrew

**CC:** Rob Million


- Rachel

. . .

rachel lasseff
vp business development
888.838.1572 : 106
310.595.6230 : mob
310.496.2012 : fax
rachellasseff  : aim
w4  www.w4.com

**Subject:** Fwd: Creatives

**Date:** Monday, April 15, 2013 10:51:19 AM Pacific Daylight Time

**From:** Rachel Lasseff

**To:** Rachel Lasseff

-Rachel

. . .

rachel lasseff

vp business development

888.838.1572 : 106

310.595.6230 : mob

310.496.2012 : fax

rachellasseff  : aim

w4  www.w4.com

Begin forwarded message:

> **From:** Andrew Jensen <gulfrayzmedia@gmail.com>
> **Subject: Re: Creatives**
> **Date:** April 6, 2012 9:28:08 AM PDT
> **To:** Rachel Lasseff <rachel@w4.com>
>
> ty dear :)
>
>
>
> On Fri, Apr 6, 2012 at 12:26 PM, Rachel Lasseff <rachel@w4.com> wrote:
> I sent them all.  Ignore the Holiday one, otherwise they all were good.
>
> http://dl.dropbox.com/u/50202767/Rachel_Lasseff%20%28Rachel%20Lasseff%20Test%20Acct%2
> 9%204-6-2012-09.23.48.zip
>
> - Rachel
> . . .
> **rachel lasseff**
> vp business development
> 888.838.1572 : 106
> 310.595.6230 : mob
> 310.496.2012 : fax
> rachellasseff  : aim
> **w4**  www.w4.com
>
> On Apr 6, 2012, at 7:51 AM, Andrew Jensen wrote:
>
>> Can you send me 1-2 top email creatives for All Day Slim?
>>
>> I have the Diet Patch creatives.

Thank you

--
Andrew Jensen
Founder/CEO
Gulf Rayz Media, LLC
Tel: 941-504-6627
Fax: 941-761-6246
AIM: GulfRayzMedia@gmail.com
Skype: GulfRayzMedia
Email: GulfRayzMedia@gmail.com

P Think Green - don't print this email unless you really need to!

--
Andrew Jensen
Founder/CEO
Gulf Rayz Media, LLC
Tel: 941-504-6627
Fax: 941-761-6246
AIM: GulfRayzMedia@gmail.com
Skype: GulfRayzMedia
Email: GulfRayzMedia@gmail.com



P Think Green - don't print this email unless you really need to!

# EXHIBIT "D"



| Date: | 8/8/12 |
|---|---|
| Acct. Exec. | Rachel Lasseff |

## ADVERTISING INSERTION ORDER

W4 LLC | 2415 MAIN STREET UNIT A SANTA MONICA, CA 90405 | PH (888) 838-1572 | FAX (310) 496-2012

| Advertiser Name: | Gulf Rayz Media | Campaign Name: | Slim Blast Carb Control |
|---|---|---|---|
| Billing Address: | 5972 49th St. E | CPA Rate: | $42.00 |
| City, State, Zip: | Braderton, FL 34203 | Payable Action: | Purchase |
| Contact: | Andrew Jensen | Payment Terms: *As described in Terms and Conditions* | Weekly |
| Phone: | 941-504-6627 | Billing Contact: | Andrew Jensen |
| Fax: | | Phone: | same |
| Email: | gulfrayzmedia@gmail.com | Email: | |
| IM: | gulfrayzmedia@gmail.com | IM: | |

## CAMPAIGN DETAILS

| Exclusive? | X True ☐ Network (for now) NO | Suppression File Retrieval: | X Download via login   ☐ Emailed |
|---|---|---|---|
| Channels: | X Email/Newsletter   X Display/PPC Media   X PPV/Contextual   X Search/SEM/SEO  X Social Media   Network Syndication   Incentive | | |
| Regions: | X US Only   Canada   UK   Other Countries (please list):  See below | | |
| Budget Cap? | ☐ Daily   ☐ Weekly   ☐ Monthly   Dollar Amount: | | |
| Lead Cap? | ☐ Daily   ☐ Weekly   ☐ Monthly   Number of Leads: | | |
| Start Date: | | End Date (if applicable): | |
| Special Instructions: | | | |

This Insertion Order is subject to the Terms and Conditions attached to this document. This document supersedes any previously agreed-to Terms and Conditions.

**THE SIGNATORY OF THIS INSERTION ORDER REPRESENTS THAT HE/SHE HAS READ, UNDERSTANDS, AND AGREES TO THE TERMS OF SUCH TERMS AND CONDITIONS.**

| Advertiser Signature: | | W4 Signature: | |
|---|---|---|---|
| Print: | Andrew Jensen | Print: | Rachel Lasseff |
| Title: | CEO | Title: | VP Bus Dev |
| Date: | 8/7/12 | Date: | 8/8/12 |

Exhibit A Page 53

# EXHIBIT "E"

nt you.
ng and handling fees.

**$0.00**

EE!
s S&H)

ping    **$4.95**

AL    **$4.95**

## PLEASE ENTER YOUR BILLING INFORMATION



Card Type    Visa

Card Number

Expiration    May    2012

CCV



RUSH MY TRIAL



TRUSTe

S AWAY FROM
WAYS WANTED!

ut SlimBlast!"
-Lisa K., Tucson

## CONGRATULATIONS C!

You are one step closer to a slimmer, more confident you.
Please enter your billing information for the shipping and handlir

### ALLDAYSLIM RISK-FREE TRIAL



**$0.0**

FREE!
(plus S&H)

AllDaySlim Shipping    **$4.**

APPLY COUPON    **TOTAL    $4.**



## YOU'RE JUST MOMENTS AWAY
THE BODY YOU'VE ALWAYS WA

"I've tried other products in the past, they just didn't work
I cannot imagine my life without AllDaySlin

he date the product is shipped to you. If you like SlimBlastFast, do nothing and you will be
imount of $64.95 on 6/23/2012 . If you decide to retain your SlimBlastFast Trial, you will be
ictive SlimBlastFast Autoship member, you will receive a fresh 1-month supply of SlimBlastFast
iou never run out of SlimBlastFast. You will be charged this amount every 30 days, billed to
during the 14-day trial period you are dissatisfied with SlimBlastFast, simply call SlimBlastFast
team will provide you with a Return Merchandise Authorization (RMA) number. Simply return
illation. Shipping and processing fees are non-refundable. A $15 restocking fee may apply. All

You have 14 days to try AllDaySlim, with the trial period beginning on the date the product is shipp
month (30 day) supply of AllDaySlim at the discounted amount of $64.95 on 6/23/2012. If you deci
AllDaySlim Autoship Membership. As an active AllDaySlim Autoship member, you will receive a fre
a convenient way to ensure you never run out of AllDaySlim. You will be charged this amount every
for any reason during the 14-day trial period you are dissatisfied with AllDaySlim, simply call AllDay
Care team will provide you with a Return Merchandise Authorization (RMA) number. Simply return t
cancellation. Shipping and processing fees are non-refundable. A $15 restocking fee may apply. All

Copyright © 2011 Lenten Labs LLC. A

You have seen the results, now try it for yourself. RISK





△ △ △ △ **SEND MY 14 DAY TRIAL**

LISA K. · Age 47 · Tucson, AZ

STEPHANIE B. · Age 33 · Coco Beach, FL

TOM H. · Age 52 · Raleigh, NC

MIKEL · Age 44 · Dallas, TX

JESSICA B. · Age 31 · Cleveland, OH

MARISA J. · Age 24 ...




## How Does AllDaySlim

| SEE FOR YOURSELF! | AllDaySlim? | Fat Burners | Acai B... |
|---|---|---|---|
| Reduce appetite without stimulants | | | |
| Burn fat more effectively without stimulants | | | |
| Reduce body fat | | | |
| No special foods or seasonings to buy, eat only along the foods you love | | | |
| Contains Antioxidants | | | |
| Easy capsule form | | | |
| No artificial stimulants, no jitters | | | |
| Increase energy naturally, convert more carbs to fuel instead of fat | | | |
| Better sleep by satisfying the times because cortisol | | | |
| All Natural | | | |

AllDaySlim is the best all natural weight loss supplement

---



"I had a great experience with SlimBlast. My energy increased. It helped boost my appetite. My body was getting out all extra I was eating, no adverse feelings that caffeine does. SlimBlast is simply convenient and feels really natural." – Alejandro M., Los Angeles

"SlimBlast was the boost I needed to get back into my skinny jeans. My motivation to drink more water, lay arms, hips, and thighs have slimmed and tightened too. Now I have more energy and sleep better!" – Jessica B., Cleveland

"I've struggled with weight for the past 10 years, I've tried everything and nothing has made a difference until SlimBlast. In less than a month, my BMI has gone down and I'm wearing two sizes smaller!" – Lisa K., Tucson

TOM H. · Age 52 · Raleigh, NC

MATISA J. · Age 24 · San Diego, CA

yourself. RISK-FREE!

**SEND MY 14 DAY TRIAL / ORDER**

## SlimBlast Compare?

| ...urners | Acai Berry | Sprinkle Additives | Meal Programs | Fad Diets |
|---|---|---|---|---|

oss supplement. Other dietary programs cannot compare.



on Dr. Oz
ght Without Dieting
rack Record
Free

## WHERE SHOULD WE SEND YOUR TRIAL ORDER?

First Name
Last Name
Address
Postal Code
City
State
Email

**CONTINUE**

2 pounds!"

ISK FREE TRIAL
LIMIT 1 PER HOUSEHOLD.

SlimBlast!"
-Lisa K., Tucson

## SLIMBLAST'S NATURAL TRIPLE ACTION FORMULA

### Active Ingredients

by research
e eliminate
F our body
t, but we all

**Phaseolus vulgaris (Phaseolamin)**
Clinically shown to delay the digestion and absorption of starch calories. Phaseolamin neutralizes some of the digestive enzyme alpha amylase, allowing our bodies to digest carbs before they turn into fat.



**Chromium (as amino acid chelate)**
Chromium is known to enhance the action of insulin, a hormone critical to the metabolism and storage of carbohydrate, fat, and protein in the body. Clinical research shows that taking chromium picolinate orally



---

# The Easiest Way To Lose 2 Dress!

- ✓ Lose weight
- ✓ Burn fat effici
- ✓ Increase your
- ✓ Flatten & trim

See how easy it is to lose weight with AllDaySlim!



AllDaySlim

**ACT NOW TO CLAIM YOUR RISK**
EXCLUSIVE INTERNET OFFER • WHILE SUPPLIES LAST • LIM

*"I've tried other products in the past, they just didn't work. I cannot imagine my life without AllDa*

## AllDaySlim Works! See the results for

**AllDaySlim's™** revolutionary Leptisol formula was developed to help you lo weight by regulating hunger and increasing your body's ability to burn stored for energy. One or more studies have shown that people using AllDaySlim h lost 10% of their weight and have kept it off for a year or more with contin use. This percentage far exceeds the typical amount of fat loss from a low-c diet alone

### Lose weight, gain energy. Burn fat instead of piling it o



**FAT BURNED FOR ENERGY**

# EXHIBIT "F"

```
lang="en" class="ie8"><![endif]-->
if (gt IE 9)!!(IE)]><!-->
lang="en"><!--<![endif]-->
>
title>Revolutionary, All-Natural Weight Loss Supplement - SlimBlast</title>
meta http-equiv="Content-Type" content="text/html; charset=utf-8"/>
link href="css/style_nb.css" type="text/css" rel="stylesheet"/>
link href="css/style_short.css" type="text/css" rel="stylesheet"/>
link rel="shortcut icon" href="images/favicon.ico" type="image/x-icon">

script type="text/javascript" src="https://ajax.microsoft.com/ajax/jquery/jquery-1.4.2.min.js"></script>
script type="text/javascript" src="https://media.AllDaySlim.com/tryslim/js/jquery.lazyloader.min.js"></script>
script type="text/javascript" src="https://productsites.focus-marketing.net/Public/javascript/jquery.livequery.min.js"></script>
script type="text/javascript" src="https://ajax.microsoft.com/ajax/jquery.validate/1.7/jquery.validate.min.js"></script>
script type="text/javascript" src="https://productsites.focus-marketing.net/Public/javascript/MicrosoftMvcJQueryValidation.js"></scr
script type="text/javascript" src="https://productsites.focus-marketing.net/Public/javascript/jquery.form.js"></script>
script type="text/javascript" src="https://productsites.focus-marketing.net/Public/javascript/jquery.blockUI.js"></script>
script type="text/javascript" src="https://productsites.focus-marketing.net/Public/javascript/sparkjs/sparkutil.js"></script>
script type="text/javascript" src="https://media.AllDaySlim.com/media/tryalldayslim/js/productsiteforms2.js"></script>

    <script type='text/javascript' src='https://media.AllDaySlim.com/jwplayer/swfobject.js'></script>

    <script type="text/javascript" src="https://rts.sparkstudios.com/Scripts/populateVid.js.aspx"></script>
    <script type="text/javascript">
            vidInit("429083a830");

            $(document).ready(function() {
                    var qsurl = document.location;
                    var vid = getQueryStringParam("vid", qsurl);
                    $("#VID").val(vid);
            });

    </script>


    <script type="text/javascript" >
            $(document).ready( function() {
                    $('pre.loadme').lazyLoad();
            });
    </script>
}>
>

id="wrapper">

id="header">
a id="logo" href="c610.html#"></a>
: style="margin:15px 0 0 30px; padding:10px 0 0 0">
    <img src="images/slogan_top_rev.gif" alt="TRY IT TODAY">
```

# EXHIBIT "G"

10:20:22 AM Andrew Jensen (gulfrayzmedia@gmail.com): I have a new weight loss offer coming out early feb...
10:20:27 AM Andrew Jensen (gulfrayzmedia@gmail.com): it will be my exclusive...
10:20:44 AM Andrew Jensen (gulfrayzmedia@gmail.com): can you show me the All Day Slim page....
10:20:46 AM Andrew Jensen (gulfrayzmedia@gmail.com): please
10:20:54 AM Andrew Jensen (gulfrayzmedia@gmail.com): I wanan compare it to Diet Patch
10:23:06 AM Rachel Lasseff: sure sec
10:23:24 AM Rachel Lasseff: but here's the deal with that all day slim - we were able to use Pfizer sub lines so i think thats a huge reason why it worked
10:23:49 AM Rachel Lasseff: the patch converted about the same, so while on the low end, the high clicks made up for it
10:24:44 AM Rachel Lasseff: https://www.tryalldayslim.com/c144.html?vid=a4f2a542-7a1e-4330-b1b3-12a586d6b62e&avpmid=7105&avppid=679&avpaid=337&sid=789
10:24:57 AM Rachel Lasseff: but yeah this page is kind of awesome
10:25:01 AM Rachel Lasseff: looks really legit
10:37:04 AM Andrew Jensen (gulfrayzmedia@gmail.com): interesting
10:37:08 AM Andrew Jensen (gulfrayzmedia@gmail.com): yeah I really like it
10:37:14 AM Andrew Jensen (gulfrayzmedia@gmail.com): it def looks legit
10:40:20 AM Rachel Lasseff: it is - its from Pfizer although the drug itself is still waiting on patents so we had to pull the pfizer sub lines
10:42:43 AM Andrew Jensen (gulfrayzmedia@gmail.com): ahh gotcha
10:42:52 AM Andrew Jensen (gulfrayzmedia@gmail.com): yeah its def a good looking page
10:43:04 AM Andrew Jensen (gulfrayzmedia@gmail.com): and it looks legit... doesnt look like all the other offers out there
10:50:55 AM Rachel Lasseff: should i be holding off on the new creative for diet patch
Changed status to Idle (10:55:33 AM)
Changed status to Available (10:56:06 AM)
10:56:14 AM Andrew Jensen (gulfrayzmedia@gmail.com): no man
10:56:27 AM Andrew Jensen (gulfrayzmedia@gmail.com): we'll be good to go early next week
10:56:45 AM Rachel Lasseff: kk

12:17:19 PM Andrew Jensen (gulfrayzmedia@gmail.com): were you able to get All Day Slim back?
12:17:26 PM Andrew Jensen (gulfrayzmedia@gmail.com): they live again?
12:18:00 PM Rachel Lasseff: not yet

12:31:40 PM Andrew Jensen (gulfrayzmedia@gmail.com): lets do so...
12:31:54 PM Andrew Jensen (gulfrayzmedia@gmail.com): we need to game plan on getting volume going to diet patch
12:32:13 PM Rachel Lasseff: im gettign the new creative tested

12:32:17 PM Rachel Lasseff: that will tell is how the clicks do
12:32:22 PM Rachel Lasseff: otherwise its all about more money
12:32:24 PM Rachel Lasseff: to meet metrics
12:32:25 PM Rachel Lasseff: at this point
12:32:28 PM Andrew Jensen (gulfrayzmedia@gmail.com): if we need it to open and
click better, send me whats doing well with All Day Slim
12:32:49 PM Andrew Jensen (gulfrayzmedia@gmail.com): we'll make some ones as
well
12:33:00 PM Andrew Jensen (gulfrayzmedia@gmail.com): as of right tho, I have
no more money to give
12:33:13 PM Andrew Jensen (gulfrayzmedia@gmail.com): im only taking .50 as it
is
12:33:19 PM Rachel Lasseff: pfizer sub lines
12:33:22 PM Rachel Lasseff: not gonna happen lol
12:33:27 PM Andrew Jensen (gulfrayzmedia@gmail.com): creative?
12:33:37 PM Rachel Lasseff: creative was standard
12:33:42 PM Rachel Lasseff: ill look into it tho


11:36:50 AM Andrew Jensen (gulfrayzmedia@gmail.com): good
11:36:57 AM Andrew Jensen (gulfrayzmedia@gmail.com): do you have the all day
slim link still?
11:37:16 AM Andrew Jensen (gulfrayzmedia@gmail.com): I'll have screen shots of
our diet page for you soon
11:38:24 AM Rachel Lasseff: https://www.tryalldayslim.com/c144.html?
vid=cf98deb6-8744-47c4-8ea1-1fae332f441b&avpmid=7105&avppid=679&avpaid=337&sid
=789
11:38:35 AM Rachel Lasseff: its a great page
11:38:35 AM Andrew Jensen (gulfrayzmedia@gmail.com): what happened to these
guys anyway?
11:39:33 AM Andrew Jensen (gulfrayzmedia@gmail.com): ya I like it
11:39:50 AM Andrew Jensen (gulfrayzmedia@gmail.com): we're using it as
inspiration for our design
11:41:02 AM Rachel Lasseff: apparently its coming back in a week
11:41:04 AM Rachel Lasseff: i just asked
11:41:09 AM Rachel Lasseff: theyre working ontheir back end


8:35:19 AM Andrew Jensen (gulfrayzmedia@gmail.com): so how loyal are you to
All Day Slim?
8:35:23 AM Andrew Jensen (gulfrayzmedia@gmail.com):
8:35:32 AM Rachel Lasseff: lol why do you ask
8:35:33 AM Rachel Lasseff: call me?
8:35:47 AM Andrew Jensen (gulfrayzmedia@gmail.com): ooops
8:35:50 AM Andrew Jensen (gulfrayzmedia@gmail.com): give me 10
8:35:54 AM Andrew Jensen (gulfrayzmedia@gmail.com): I have a call at 11:30


3:18:46 PM Andrew Jensen (gulfrayzmedia@gmail.com): hey hey

3:18:54 PM Rachel Lasseff: hi hi
3:18:54 PM Andrew Jensen (gulfrayzmedia@gmail.com): White Bean Extract was
featured on Dr Oz
3:19:04 PM Andrew Jensen (gulfrayzmedia@gmail.com): thats the main ingredient
for slim blast
3:19:19 PM Andrew Jensen (gulfrayzmedia@gmail.com): we're making a few
adjustments to the offer
3:19:28 PM Andrew Jensen (gulfrayzmedia@gmail.com): gonna really try and drive
that home to the pubs and consumer
3:19:43 PM Rachel Lasseff: ok
3:19:45 PM Rachel Lasseff: sounds good

9:44:27 AM Andrew Jensen (gulfrayzmedia@gmail.com): looks like diet patch is
dead
9:49:35 AM Rachel Lasseff: what do you mean?
9:49:45 AM Rachel Lasseff: like the link?
9:49:52 AM Andrew Jensen (gulfrayzmedia@gmail.com): no
9:49:56 AM Andrew Jensen (gulfrayzmedia@gmail.com): the offer
9:49:59 AM Andrew Jensen (gulfrayzmedia@gmail.com): traction with you guys
9:50:32 AM Rachel Lasseff: have you heard back from the advetiser on what they
may have changed?
9:51:35 AM Andrew Jensen (gulfrayzmedia@gmail.com): not yet, no
9:51:40 AM Andrew Jensen (gulfrayzmedia@gmail.com): we'tr trying to find out
9:51:51 AM Andrew Jensen (gulfrayzmedia@gmail.com): he's out of town right
now, so its taking a bit longer
9:52:15 AM Andrew Jensen (gulfrayzmedia@gmail.com): but it sounds like we dont
have much of a choice really, since we'd need to increase them to 45 to make
it work
9:52:49 AM Rachel Lasseff: well they dont have much choice since diet patch
isnt open for display
9:53:11 AM Andrew Jensen (gulfrayzmedia@gmail.com): what isnt open fir
display?
9:53:15 AM Rachel Lasseff: i mean
9:53:15 AM Andrew Jensen (gulfrayzmedia@gmail.com): All Day Slim you mean?
9:53:16 AM Rachel Lasseff: all day slim
9:53:18 AM Rachel Lasseff: ya
9:53:19 AM Andrew Jensen (gulfrayzmedia@gmail.com): ok
9:53:23 AM Rachel Lasseff: but i told Lisa that you're finding out if they
changed anything
9:53:30 AM Andrew Jensen (gulfrayzmedia@gmail.com): ok
9:53:31 AM Rachel Lasseff: so since they thikn they did
9:53:39 AM Andrew Jensen (gulfrayzmedia@gmail.com): let me try and reach him
again
9:53:42 AM Rachel Lasseff: we're kind of waiting to hear before we can propose
that they try to make this work
9:53:58 AM Andrew Jensen (gulfrayzmedia@gmail.com): calling him again now
9:57:22 AM Rachel Lasseff: im getting 2 new sources to test too

9:57:23 AM Rachel Lasseff: email
10:00:28 AM Rachel Lasseff: jsut approved you for all day slim
10:00:36 AM Rachel Lasseff: in case you wanna take a look at it since its re-birth
10:00:41 AM Rachel Lasseff: not sure what they changed
10:00:45 AM Rachel Lasseff: but ill bet its something

1:26:48 PM Andrew Jensen (gulfrayzmedia@gmail.com): hey hey
1:37:45 PM Rachel Lasseff: hi hi
1:38:14 PM Andrew Jensen (gulfrayzmedia@gmail.com): diet patch
1:38:26 PM Andrew Jensen (gulfrayzmedia@gmail.com): I hate just typing those words "diet patch"
1:38:29 PM Rachel Lasseff: HA
1:38:30 PM Andrew Jensen (gulfrayzmedia@gmail.com): but I have some cap back
1:38:44 PM Rachel Lasseff: how much
1:38:56 PM Andrew Jensen (gulfrayzmedia@gmail.com): 150/day
1:39:14 PM Rachel Lasseff: with diet patch back im not sure what i can do on it
1:39:18 PM Rachel Lasseff: i mean
1:39:22 PM Rachel Lasseff: all day slim
1:39:36 PM Rachel Lasseff: let me talk to that media buyer tho
1:39:38 PM Rachel Lasseff: the big one
1:39:44 PM Rachel Lasseff: so does CB have it back too then?
1:39:58 PM Andrew Jensen (gulfrayzmedia@gmail.com): checking

11:33:31 AM Rachel Lasseff: this is a GOOD time for all day slim
11:33:34 AM Rachel Lasseff: i mean diet
11:33:36 AM Rachel Lasseff: your diet
11:33:40 AM Rachel Lasseff: cause all day slim might be pausing

10:54:15 AM Rachel Lasseff: diet - hows it lookin?
10:54:26 AM Andrew Jensen (gulfrayzmedia@gmail.com): i talked ot Jenny this morning
10:54:34 AM Andrew Jensen (gulfrayzmedia@gmail.com): merchant has approved the lp
10:54:38 AM Rachel Lasseff: yay!
10:54:41 AM Rachel Lasseff: whats that mean
10:54:42 AM Andrew Jensen (gulfrayzmedia@gmail.com): just waiting for the links to go live
10:54:46 AM Rachel Lasseff: ok
10:54:59 AM Andrew Jensen (gulfrayzmedia@gmail.com): they couldnt set the offer live until merchant approved the lp
10:55:03 AM Andrew Jensen (gulfrayzmedia@gmail.com): that is done and good to go
10:55:10 AM Andrew Jensen (gulfrayzmedia@gmail.com): io is coming back today
10:55:11 AM Rachel Lasseff: we're capped 50 leads/day on all day slim so we

neeeed it

9:21:55 AM Andrew Jensen (gulfrayzmedia@gmail.com): did the video auto play on
all day slim?
9:22:14 AM Rachel Lasseff: yes
9:23:32 AM Andrew Jensen (gulfrayzmedia@gmail.com): may I see that link again
please
9:24:34 AM Rachel Lasseff: https://www.tryalldayslim.com/c610.html?
vid=4461f8f9-5404-4be3-8575-
e134591f739e&avpmid=7105&avppid=679&avpaid=337&sid=789
9:50:28 AM Andrew Jensen (gulfrayzmedia@gmail.com): the diet page is ready
9:50:39 AM Andrew Jensen (gulfrayzmedia@gmail.com): a few minor changes are
being made

9:04:32 AM Andrew Jensen (gulfrayzmedia@gmail.com): do you know of a diet
offer in the space that's pushing huge volume?
9:04:43 AM Rachel Lasseff: not right now i dont
9:04:49 AM Andrew Jensen (gulfrayzmedia@gmail.com): per Jenny:      K. The
people who put together slimquick are claiming they have a similar product out
right now that is killing it but they won't give us a name because of an nda
9:04:52 AM Rachel Lasseff: all day slim was the one everyone wanted and did
well with

9:01:23 AM Andrew Jensen (gulfrayzmedia@gmail.com): do you have specific from/
subs for this diet offer?
9:01:36 AM Andrew Jensen (gulfrayzmedia@gmail.com): anytthing from All Day
Slim or Diet Patch you liked?
9:01:49 AM Rachel Lasseff: i can pull some
9:02:05 AM Andrew Jensen (gulfrayzmedia@gmail.com): I can make some up, not a
problem
9:02:17 AM Andrew Jensen (gulfrayzmedia@gmail.com): but wanted to get your
feedback before I compiled the list

10:11:19 AM Andrew Jensen (gulfrayzmedia@gmail.com): ping me All Day Slim lp
10:12:00 AM Rachel Lasseff: https://www.tryalldayslim.com/c610.html?
vid=d1d62723-
bf60-4d51-9318-83ca0032aa65&avpmid=7105&avppid=679&avpaid=337&sid=789

2:00:32 PM Rachel Lasseff: yo
2:00:33 PM Rachel Lasseff: anything?
2:02:01 PM Rachel Lasseff: looks like it def is rediercting
2:02:08 PM Rachel Lasseff: to this page: https://www.tryalldayslim.com/
c610.html
2:02:36 PM Andrew Jensen (gulfrayzmedia@gmail.com): i know
2:02:41 PM Andrew Jensen (gulfrayzmedia@gmail.com): im otp with the programmer
now
2:02:44 PM Rachel Lasseff: ok

2:02:49 PM Andrew Jensen (gulfrayzmedia@gmail.com): want me to redirect now
until its fixed?
2:02:53 PM Rachel Lasseff: yes
2:03:02 PM Rachel Lasseff: alll day slim is pulling all their traffic from us
2:03:02 PM Andrew Jensen (gulfrayzmedia@gmail.com): just that way it doesnt
look like this
2:03:06 PM Rachel Lasseff: (theyre an affilaite too)
2:03:16 PM Andrew Jensen (gulfrayzmedia@gmail.com): why
2:03:19 PM Rachel Lasseff: redirect to diet patch or somethign
2:03:28 PM Andrew Jensen (gulfrayzmedia@gmail.com): its not your fault
2:03:47 PM Rachel Lasseff: they are pisssed and ill tell you why later
2:03:54 PM Rachel Lasseff: thats why i was gonna let someone have it
2:04:00 PM Andrew Jensen (gulfrayzmedia@gmail.com): THEY FOUND OUR SITE
2:04:02 PM Rachel Lasseff: gotta meet with these dumbfucks now
2:04:10 PM Andrew Jensen (gulfrayzmedia@gmail.com): they went in and changed
their code
2:04:19 PM Andrew Jensen (gulfrayzmedia@gmail.com): and they redirected it
2:04:23 PM Rachel Lasseff: what???
2:04:24 PM Andrew Jensen (gulfrayzmedia@gmail.com): they found our site
2:04:26 PM Rachel Lasseff: wait
2:04:34 PM Rachel Lasseff: wait a minute
2:04:39 PM Rachel Lasseff: im so confused
2:19:01 PM Andrew Jensen (gulfrayzmedia@gmail.com): this the owner of All Day
Slim
2:19:01 PM Andrew Jensen (gulfrayzmedia@gmail.com): Zaria Gledhill

9:28:01 AM Andrew Jensen (gulfrayzmedia@gmail.com): so be honest iwht me,
what's w4's stance on this?
9:28:05 AM Rachel Lasseff: on what
9:28:08 AM Andrew Jensen (gulfrayzmedia@gmail.com): meaning
9:28:22 AM Andrew Jensen (gulfrayzmedia@gmail.com): we can still run traffic,
that wont be an issue?
9:28:41 AM Rachel Lasseff: you mean WE can?  on diet?
9:28:52 AM Andrew Jensen (gulfrayzmedia@gmail.com): on slim blast
9:28:59 AM Andrew Jensen (gulfrayzmedia@gmail.com): you can still send me
traffic next week
9:29:01 AM Rachel Lasseff: he is fine with the media buyers running
9:29:05 AM Rachel Lasseff: till we get the page changed
9:29:13 AM Rachel Lasseff: i told him its taking longer than we want it to
9:29:18 AM Andrew Jensen (gulfrayzmedia@gmail.com): ohh so no mailers bc all
day slim doesnt allow display
9:29:22 AM Rachel Lasseff: and i want that revenue next week
9:29:33 AM Andrew Jensen (gulfrayzmedia@gmail.com): hahaha
9:29:40 AM Rachel Lasseff: right
9:29:48 AM Rachel Lasseff: alhtough we're not opening to any other than the
media buyers
9:29:52 AM Andrew Jensen (gulfrayzmedia@gmail.com): what if we want mailers

tho
9:30:00 AM Rachel Lasseff: we need to make those changes

11:07:16 AM Andrew Jensen (gulfrayzmedia@gmail.com): hey hey
11:07:35 AM Rachel Lasseff: hi hi
11:07:57 AM Rachel Lasseff: hey one request, and please dont get worked up cause then it gets me worked up and then we're no good together lol
11:07:58 AM Andrew Jensen (gulfrayzmedia@gmail.com): page all good now?
11:08:08 AM Andrew Jensen (gulfrayzmedia@gmail.com): go ahead
11:08:12 AM Andrew Jensen (gulfrayzmedia@gmail.com): :-\
11:08:45 AM Rachel Lasseff: http://speedcap.net/img/d2bb719a345950a7430ef873e2f16580/e49a91cf.png
11:08:49 AM Rachel Lasseff: jsut the copy there
11:09:04 AM Rachel Lasseff: if that could just be some other testimonials
11:09:06 AM Rachel Lasseff: and heres why
11:09:42 AM Rachel Lasseff: cause Pfizer is the maker of Leptisol (which is the ingredient in All Day Slim) and just in case Pfizer has some copywrite or anything on those testimonicals
11:09:46 AM Rachel Lasseff: testimonials
11:09:52 AM Rachel Lasseff: its jsut better to have your own
11:10:00 AM Rachel Lasseff: thats it
11:13:23 AM Andrew Jensen (gulfrayzmedia@gmail.com): all three test?
11:15:41 AM Rachel Lasseff: hm?
11:15:55 AM Rachel Lasseff: what you mean
11:16:05 AM Andrew Jensen (gulfrayzmedia@gmail.com): you sent me three testimonials right
11:16:08 AM Rachel Lasseff: yes
11:16:09 AM Andrew Jensen (gulfrayzmedia@gmail.com): the image?
11:16:11 AM Andrew Jensen (gulfrayzmedia@gmail.com): ok
11:16:18 AM Andrew Jensen (gulfrayzmedia@gmail.com): and you want three new testimonials?
11:16:23 AM Rachel Lasseff: yes pls
11:16:33 AM Andrew Jensen (gulfrayzmedia@gmail.com): .......................
11:16:39 AM Andrew Jensen (gulfrayzmedia@gmail.com): #$@##&@^%#%@
11:17:01 AM Rachel Lasseff: the concern is valid only because its true about that being a pfizer product and all day slim having permissoin to market it
11:17:06 AM Rachel Lasseff: that much i do know
11:17:25 AM Rachel Lasseff: i would have argued the point otherwise
11:17:36 AM Rachel Lasseff: well i did argue it
11:17:36 AM Andrew Jensen (gulfrayzmedia@gmail.com): what in the testimonials does it reference anything to do with Pfizer?
11:17:41 AM Rachel Lasseff: and that was reminded to me
11:18:00 AM Rachel Lasseff: leptisol is pzfiser
11:18:11 AM Andrew Jensen (gulfrayzmedia@gmail.com): where does it ref leptisol
11:18:17 AM Rachel Lasseff: and those testimonials could likely be from them
11:18:35 AM Rachel Lasseff: i mean it would take less time to change them than

it would to try and prove that theyre not
11:18:55 AM Rachel Lasseff: ya know?
11:19:22 AM Andrew Jensen (gulfrayzmedia@gmail.com): I dont follow
11:19:32 AM Andrew Jensen (gulfrayzmedia@gmail.com): where does it reference
leptisol?
11:19:53 AM Andrew Jensen (gulfrayzmedia@gmail.com): I dont see that term
being used onc e
11:19:55 AM Andrew Jensen (gulfrayzmedia@gmail.com): once*
11:20:00 AM Rachel Lasseff: hold pls
11:20:19 AM Andrew Jensen (gulfrayzmedia@gmail.com): holding
11:20:23 AM Rachel Lasseff: http://speedcap.net/img/
d2bb719a345950a7430ef873e2f16580/dcc758a0.png
11:20:30 AM Rachel Lasseff: leptisol is the ingredient in all day slim
11:20:43 AM Andrew Jensen (gulfrayzmedia@gmail.com): I understand that
11:20:51 AM Andrew Jensen (gulfrayzmedia@gmail.com): but in this:
11:20:52 AM Andrew Jensen (gulfrayzmedia@gmail.com): http://speedcap.net/img/
d2bb719a345950a7430ef873e2f16580/e49a91cf.png
11:20:59 AM Rachel Lasseff: that came from all day slim's page
11:21:02 AM Andrew Jensen (gulfrayzmedia@gmail.com): leptisol isnt referenced
once
11:21:04 AM Rachel Lasseff: the page is about leptisol
11:21:18 AM Rachel Lasseff: the testimonials are about the product
11:21:21 AM Andrew Jensen (gulfrayzmedia@gmail.com): call me
11:21:24 AM Andrew Jensen (gulfrayzmedia@gmail.com): I dont follow

10:36:46 AM Andrew Jensen (gulfrayzmedia@gmail.com): we opening to email now?
10:37:01 AM Andrew Jensen (gulfrayzmedia@gmail.com): im hoping to have that
subid breakdown soon too btw
10:37:27 AM Rachel Lasseff: yes
10:37:32 AM Andrew Jensen (gulfrayzmedia@gmail.com): kk
10:37:41 AM Andrew Jensen (gulfrayzmedia@gmail.com): I can call All Day Slim
guys too
10:37:43 AM Andrew Jensen (gulfrayzmedia@gmail.com): just let me know

9:39:09 AM Andrew Jensen (gulfrayzmedia@gmail.com): so do you wanna see what
jenny send me?
9:40:51 AM Rachel Lasseff: yes
9:41:18 AM Andrew Jensen (gulfrayzmedia@gmail.com): sent
9:41:26 AM Andrew Jensen (gulfrayzmedia@gmail.com): I told her this was not
acceptable....
9:41:41 AM Andrew Jensen (gulfrayzmedia@gmail.com): but she also told me they
are building another site sismilar to the acai inspiration as well
11:07:29 AM Rachel Lasseff: ok so the site
11:07:52 AM Rachel Lasseff: you're saying its not acceptable cause it looks
reall similar?
11:08:11 AM Andrew Jensen (gulfrayzmedia@gmail.com): exactly
11:08:21 AM Andrew Jensen (gulfrayzmedia@gmail.com): I dont think the All Day

Slim guys will be happy with that
11:08:49 AM Andrew Jensen (gulfrayzmedia@gmail.com): if our goal is to get
them off our backs, that page wont do it
11:09:43 AM Rachel Lasseff: is she concerned about the C&D?
11:10:24 AM Andrew Jensen (gulfrayzmedia@gmail.com): i think we all are
bothered by it
11:10:39 AM Andrew Jensen (gulfrayzmedia@gmail.com): I just think a diff look
and feel will do us the most benefit
11:11:25 AM Rachel Lasseff: right

11:42:41 AM Rachel Lasseff: should we be pulling diet?
11:42:44 AM Rachel Lasseff: till the new page?
11:42:49 AM Andrew Jensen (gulfrayzmedia@gmail.com): no why
11:43:04 AM Rachel Lasseff: cause of your C&D?
11:43:38 AM Andrew Jensen (gulfrayzmedia@gmail.com): let me show you what we
sent back
Starting transfer of GRM_Lepton.docx from Gulf Rayz Media (11:43:53 AM)
Gulf Rayz Media is offering to send file GRM_Lepton.docx (11:43:53 AM)
11:43:57 AM Andrew Jensen (gulfrayzmedia@gmail.com): this was our reply
Transfer of file GRM_Lepton.docx complete (11:44:00 AM)
11:44:42 AM Andrew Jensen (gulfrayzmedia@gmail.com): so we're waiting for
specifics as to what is infringing
11:44:51 AM Andrew Jensen (gulfrayzmedia@gmail.com): im the meantime, the new
site is almost ready
11:44:58 AM Andrew Jensen (gulfrayzmedia@gmail.com): but this will buy us some
time
11:45:40 AM Rachel Lasseff: ok cool
11:45:52 AM Andrew Jensen (gulfrayzmedia@gmail.com): so we're fine for now
11:46:01 AM Rachel Lasseff: i cant open that can you email it to me?
11:46:02 AM Andrew Jensen (gulfrayzmedia@gmail.com): Grindley is handling it
11:46:05 AM Rachel Lasseff: the lepton doc
11:46:07 AM Andrew Jensen (gulfrayzmedia@gmail.com): yes
11:46:21 AM Rachel Lasseff: thank you
11:46:33 AM Andrew Jensen (gulfrayzmedia@gmail.com): you never got the c&d did
you?
11:47:20 AM Andrew Jensen (gulfrayzmedia@gmail.com): I fid it interesting they
threw w4 like its against w4 too, but then they dont send it to you
11:47:23 AM Andrew Jensen (gulfrayzmedia@gmail.com): find*
11:47:37 AM Rachel Lasseff: well essentially they did
11:47:39 AM Rachel Lasseff: send it to us too

10:42:49 AM Andrew Jensen (gulfrayzmedia@gmail.com): hey
10:42:52 AM Rachel Lasseff: yo
10:42:56 AM Rachel Lasseff: i was just gonna ping you
10:42:58 AM Andrew Jensen (gulfrayzmedia@gmail.com): these guys down?
10:42:59 AM Andrew Jensen (gulfrayzmedia@gmail.com): https://
www.tryalldayslim.com/c610.html

10:43:19 AM Rachel Lasseff: its not down
10:43:25 AM Rachel Lasseff: its only open for one mailer cause its capped
10:43:28 AM Rachel Lasseff: i believe
10:47:34 AM Andrew Jensen (gulfrayzmedia@gmail.com): im also going to reply back to all day slim again today

11:41:07 AM Andrew Jensen (gulfrayzmedia@gmail.com): hey Rach
11:41:15 AM Andrew Jensen (gulfrayzmedia@gmail.com): how is All Day Slim doing?
11:41:21 AM Andrew Jensen (gulfrayzmedia@gmail.com): they still live btw?
11:43:21 AM Rachel Lasseff: no looks like it expired last month
11:43:30 AM Rachel Lasseff: or wait
11:43:34 AM Andrew Jensen (gulfrayzmedia@gmail.com): haha
11:44:08 AM Rachel Lasseff: ya its dead
11:44:13 AM Rachel Lasseff: not sure why ill find out
11:45:07 AM Rachel Lasseff: ya i guess they ran out of product
11:45:09 AM Rachel Lasseff: of something
11:45:19 AM Rachel Lasseff: and are revamping back end
11:45:37 AM Rachel Lasseff: or re-evaluating if theyre even gonna
11:46:24 AM Andrew Jensen (gulfrayzmedia@gmail.com): ahh I see
11:46:32 AM Andrew Jensen (gulfrayzmedia@gmail.com): just curious

11:04:47 AM Andrew Jensen (gulfrayzmedia@gmail.com): im still dealing with lepton labs
11:04:56 AM Andrew Jensen (gulfrayzmedia@gmail.com): they jsut wont go away
11:05:32 AM Rachel Lasseff: what the fuck do they want?
11:05:49 AM Andrew Jensen (gulfrayzmedia@gmail.com): they are killin me Rach
11:05:56 AM Andrew Jensen (gulfrayzmedia@gmail.com): I had to hire a lawyer
11:06:11 AM Andrew Jensen (gulfrayzmedia@gmail.com): I provided them a copy of my IO and told them, go after these guys
11:06:29 AM Andrew Jensen (gulfrayzmedia@gmail.com): I think they are still going to try and get money out of me
11:07:04 AM Rachel Lasseff: does your lawyer say youre liable?
11:09:10 AM Andrew Jensen (gulfrayzmedia@gmail.com): no, he felt pfretty good about the situation
11:09:21 AM Andrew Jensen (gulfrayzmedia@gmail.com): I dont think he thinks so
11:09:30 AM Andrew Jensen (gulfrayzmedia@gmail.com): they are just being stubborn asses
11:09:34 AM Andrew Jensen (gulfrayzmedia@gmail.com): I gave them the adv info
11:09:37 AM Andrew Jensen (gulfrayzmedia@gmail.com): company name
11:09:40 AM Andrew Jensen (gulfrayzmedia@gmail.com): everything
11:10:39 AM Rachel Lasseff: so hopefully theyl back off?
11:10:46 AM Andrew Jensen (gulfrayzmedia@gmail.com): Idk
11:10:49 AM Andrew Jensen (gulfrayzmedia@gmail.com): idk what they want from me

8:41:54 AM Rachel Lasseff: but you said somthign about the lepton people

8:41:58 AM Rachel Lasseff: stopping their shit
8:42:03 AM Rachel Lasseff: what did you say?
8:42:03 AM Andrew Jensen (gulfrayzmedia@gmail.com): yeah
8:42:13 AM Rachel Lasseff: cause theyre sending us stuff sayign you're not
getting back to tghem
8:42:15 AM Rachel Lasseff: or somethign like that
8:42:16 AM Andrew Jensen (gulfrayzmedia@gmail.com): apparently they determined
its not worth it
8:42:18 AM Rachel Lasseff: i need to talk to jason
8:42:26 AM Rachel Lasseff: he emailed me something cryptic
8:42:35 AM Rachel Lasseff: so they dropped it
8:42:37 AM Rachel Lasseff: officially
8:42:37 AM Rachel Lasseff: ?
8:42:40 AM Andrew Jensen (gulfrayzmedia@gmail.com): can you call me
8:42:42 AM Andrew Jensen (gulfrayzmedia@gmail.com): plz
8:44:20 AM Rachel Lasseff: ya shortly
8:44:36 AM Andrew Jensen (gulfrayzmedia@gmail.com): the last I heard from my
lawyer......
8:44:52 AM Andrew Jensen (gulfrayzmedia@gmail.com): we were supposed to come
to some type of conclusion by jan 31
8:44:58 AM Andrew Jensen (gulfrayzmedia@gmail.com): I ahve never heard from
him again....
8:45:12 AM Andrew Jensen (gulfrayzmedia@gmail.com): I talked to his partner
that I work with on another project....
8:45:31 AM Andrew Jensen (gulfrayzmedia@gmail.com): and he told me apparently
they decided to drop it since it wasnt worth it

11:12:37 AM Rachel Lasseff: hey
11:12:47 AM Andrew Jensen (gulfrayzmedia@gmail.com): hey
11:13:05 AM Rachel Lasseff: jason sent you a couple emails  - have you seen
those?
11:13:15 AM Rachel Lasseff: he's not sure if youre getting them
11:13:17 AM Andrew Jensen (gulfrayzmedia@gmail.com): my lawyer has replied to
Jason

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael A. Trauben (277557)<br>Singh, Singh, & Trauben, LLP<br>400 S. Beverly Dr., Suite 400<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 310.856.9705  FAX NO.: 888.734.3555<br>ATTORNEY FOR *(Name)*: Plaintiffs Lepton Labs, LLC and Focus Marketing, LLC | **FILED**<br>Superior Court Of California<br>County Of Los Angeles<br><br>MAY 16 2014<br><br>Sherri R. ~~Carter~~ Executive Officer/Clerk<br>By_____, Deputy<br>Judi Lara |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS: 111 North Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Lepton Labs, LLC, et al. v. W4, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 546011 |
|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000)  [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[✓] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [ ] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive

**4.** Number of causes of action *(specify)*: 13 (See attached MC 020)

**5.** This case [ ] is  [✓] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5-16-2014

Michael A. Trauben
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

FILE BY FAX

Exhibit A Page 72

SHORT TITLE: Lepton Labs LLC v. W4, Inc., et al.

CASE NUMBER:

4.  Number of causes of action (specify)

1. BREACH OF CONTRACT;

2. FRAUD;

3. BREACH OF FIDUCIARY DUTY;

4. TORTIOUS INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS;

5. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;

6. MISAPPROPRIATION OF TRADE SECRETS (CUTSA);

7. AIDING AND ABETTING MISAPPROPRIATION;

8. TRADE DRESS INFRINGEMENT;

9. AIDING AND ABETTING TRADE DRESS INFRINGEMENT;

10. UNFAIR COMPETITION;

11. UNFAIR BUSINESS PRACTICES (BUS & PROF. CODE § 17200);

12. VIOLATION OF RICO - 18 U.S.C. § 1962; AND

13. AN ACCOUNTING

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___1___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

| SHORT TITLE: Lepton Labs, LLC,et al. v. W4, LLC, et al. | CASE NUMBER BC 546 011 |
| --- | --- |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES  LIMITED CASE? ☐YES   TIME ESTIMATED FOR TRIAL 2 ___ ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- |
| **Auto Tort** Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

| SHORT TITLE: Lepton Labs, LLC, et al. v. W4, LLC, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☒ A6013  Fraud (no contract) | 1.②3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Lepton Labs, LLC,et al. v. W4, LLC, et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)          **CIVIL CASE COVER SHEET ADDENDUM**          Local Rule 2.0<br>
LASC Approved 03-04              **AND STATEMENT OF LOCATION**               Page 3 of 4

Exhibit A Page 76

| SHORT TITLE: Lepton Labs, LLC, et al. v. W4, LLC, et al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>11355 WEST OLYMPIC BLVD STE 100 |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90064 |
|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 05-16-2014

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Exhibit A Page 77

1  VENABLE LLP
   Ari N. Rothman (SBN 296568)
2  arothman@venable.com
   Melissa C. McLaughlin (SBN 273619)
3  mcmclaughlin@venable.com
   Witt W. Chang (SBN 281721)
4  wchang@venable.com
   2049 Century Park East, Suite 2100
5  Los Angeles, CA 90067
   Telephone:    (310) 229-9900
6  Facsimile:    (310) 229-9901

7  Attorneys for Defendants W4, LLC,
   JASON DURANT WALKER, and
8  RACHEL LASSEFF

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 09 2014

Sherri R. Carter, Executive Officer/Clerk
By Myrna Beltran, Deputy

9              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

10            **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**          BY FAX

11

12  LEPTON LABS, LLC, a Nevada limited liability          CASE NO. BC546011
    company, and FOCUS MARKETING LLC, a
13  Nevada limited liability company,                     Hon. Mark Mooney
                                                          Dept. 68
14
                                                          **NOTICE OF APPEARANCE**
15                            Plaintiffs,
                                                          Action Filed:  May 16, 2014
16            v.                                          Trial Date:    None set

17  W4, LLC, a California limited liability company,
    JASON DURANT WALKER, an individual,
18  RACHEL LASSEFF, an individual, GULF
    RAYZ MEDIA, LLC, a Florida limited liability
19  company, ANDREW JENSEN, an individual,
    STRATIX HEALTH, LLC, a Nevada limited
20  liability company, and DOES 1-10, INCLUSIVE,

21                            Defendants.

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

NOTICE OF APPEARANCE

1      TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that Ari N. Rothman, Melissa C. McLaughlin, and Witt W.

3  Chang of Venable LLP, 2049 Century Park East, Suite 2100, Los Angeles, California 90067,

4  hereby appear as counsel for Defendants W4, LLC, Jason Durant Walker, and Rachel Lasseff in

5  the above-referenced action.

6      In connection with this notice, counsel requests that all pleadings and other papers be

7  served on them at the above address.

8

9

10  DATED:  June 9, 2014             VENABLE LLP

11

12                By: _____

                        Ari N. Rothman

13                     Melissa C. McLaughlin

                      Witt W. Chang

14                     Attorneys for Defendants W4, LLC, JASON

                      DURANT WALKER, and RACHEL

15                     LASSEFF.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

**PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                               )  ss.
COUNTY OF LOS ANGELES  )

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action;  my business address is Venable LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

On **June 9, 2014**, I served a copy ☑ / original ☐ of the foregoing document(s) described as **NOTICE OF APPEARANCE** on the interested parties in this action addressed as follows:

      Michael A. Trauben
      Justin R. Trauben
      SINGH, SINGH & TRAUBEN, LLP
      400 S. Beverly Drive, Suite 400
      Beverly Hills, California 90212

☑     By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☑     **BY MAIL (CCP §1013(a)&(b)):**  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service.  Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

☐     **BY OVERNIGHT DELIVERY  (CCP §1013(c)&(d)):**  I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery.  Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

☐     **BY FACSIMILE (CCP §1013(e) and (f) and CRC Rule 2.306(h)):** on **[DATE]**, at approximately **[TIME]** I served the above stated document by facsimile from the facsimile machine of Venable, LLP whose phone number is (310) 229-9901  to the addressee(s) at the facsimile numbers as stated above.  The facsimile machine used complies with CRC Rule 2.306(h).  Pursuant to CRC Rule 2.306(h) the transmission by facsimile was reported as complete and without error.  A true and correct copy of the transmission report is attached hereto.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **June 9, 2014**, at Los Angeles, California.

Felecia J. McClendon _____      _____

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

BY FAX

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| VENABLE LLP<br>Ari N. Rothman (SBN 296568); Melissa C. McLaughlin (SBN 273619)<br>2049 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>(310) 229-9900 | Ari Rothman (296568);<br>Melissa McLaughlin (273619) | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**JUN 09 2014**<br>Sherri R. Carter, Executive Officer/Clerk<br>By _Myrna Beltran_ Deputy<br>Myrna Beltran |

ATTORNEY FOR (Name): Rachel Lasseff

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 North Hill Street
Los Angeles, CA 90012

PLAINTIFF:   Lepton Labs, LLC et al.

DEFENDANT:   W4, LLC et al.

| **AFFIDAVIT OF PREJUDICE**<br>**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**<br>**(Code Civ. Proc., § 170.6)** | CASE NUMBER:<br>BC546011 |
|---|---|

| Name of Judicial Officer<br>Hon. Mark Mooney | Dept./Div. Number<br>68 |
|---|---|
| ☒ Judge          ☐ Commissioner          ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

| I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct. | | |
|---|---|---|
| Date:<br><br>6/9/14 | Signature of Declarant<br><br>_Melissa C. McLaughlin_ | Rachel Lasseff<br>(Name of Party)<br>☐ Plaintiff    ☐ Cross Complainant<br>☒ Defendant   ☐ Cross Defendant |

LACIV 015 (Rev. 01/07)
LASC Approved 04-04

**AFFIDAVIT OF PREJUDICE**
**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**

Code Civ. Proc., §170.6

American LegalNet, Inc.
www.FormsWorkflow.com

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                           )  ss.
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action;  my business address is Venable LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

On **June 9, 2014**, I served a copy ☑ / original ☐ of the foregoing document(s) described as **AFFIDAVIT OF PREJUDICE PEREMPTORY CHALLENGE TO JUDICIAL OFFICER** on the interested parties in this action addressed as follows:

> Michael A. Trauben
> Justin R. Trauben
> SINGH, SINGH & TRAUBEN, LLP
> 400 S. Beverly Drive, Suite 400
> Beverly Hills, California 90212

☑    By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☑    **BY MAIL (CCP §1013(a)&(b)):**  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service.  Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

☐    **BY OVERNIGHT DELIVERY  (CCP §1013(c)&(d)):**  I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery.  Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

☐    **BY FACSIMILE (CCP §1013(e) and (f) and CRC Rule 2.306(h)):** on **[DATE]**, at approximately **[TIME]** I served the above stated document by facsimile from the facsimile machine of Venable, LLP whose phone number is (310) 229-9901  to the addressee(s) at the facsimile numbers as stated above.  The facsimile machine used complies with CRC Rule 2.306(h).  Pursuant to CRC Rule 2.306(h) the transmission by facsimile was reported as complete and without error.  A true and correct copy of the transmission report is attached hereto.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **June 9, 2014**, at Los Angeles, California.

Felecia J. McClendon

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )     ss.
COUNTY OF LOS ANGELES )

     At the time of service, I was over the age of 18 and not a party to this action.  My business address is 2049 Century Park East, #2100, Los Angeles, California 90067.  On June 23, 2014, I served the following document(s) **DEFENDANTS W4, LLC, JASON DURANT WALKER, AND RACHEL LASSEFF'S NOTICE OF REMOVAL** on the person(s) below:

     Michael A. Trauben
     Justin R. Trauben
     SINGH, SINGH & TRAUBEN, LLP
     400 S. Beverly Drive, Suite 400
     Beverly Hills, California 90212

     The documents were served by the following means *(specify):*

     **BY OVERNIGHT DELIVERY (FRCP 5(b)(1)(F)):**    I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the addresses above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Date: June 23, 2014

_____
Alethiea C. Taylor

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900